AMOS FORWARD v. THE STATE.

No. 3108.   Decided April 29, 1914.

**1.—Theft—Sufficiency of the Evidence—Corroboration.**

Where, upon trial of theft, the testimony of an accomplice was sufficiently corroborated, there was no error under a proper charge of the court. Following Nourse v. State, 2 Texas Crim. App., 304, and other cases.

**2.—Same—Objections to Charge of Court—Circumstantial Evidence.**

Under the law, objections to the charge of the court must be submitted when the court's charge is submitted to the attorneys of the defendant, and where he failed to so object before the argument began, but waited until the closing argument of the district attorney, the objection came too late; besides, the charge on circumstantial evidence was not required. Following Ballard v. State, 71 Texas Crim. Rep., 168.

Vol. 73 Crim.-36.

**3.—Same—Argument of Counsel.**

Where the argument of State's counsel was not such as to require a reversal in itself, and the court submitted a requested charge to withdraw it, there was no reversible error. Following Gowans v. State, 64 Texas Crim. Rep., 401, and other cases.

Appeal from the District Court of Robertson. Tried below before the Hon. J. C. Scott.

Appeal from a conviction of theft; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*V. B. Hudson,* for appellant.—On question of corroboration: Newman v. State, 55 Texas Crim. Rep., 273; Franklin v. State, 53 id., 388; Simmons v. State, 50 id., 527; Hall v. State, 52 id., 250; Brooks v. State, 56 id., 513; Johnson v. State, 52 id., 510.

*C. E. Lane,* Assistant Attorney General, for the State.

PRENDERGAST, PRESIDING JUDGE.—Appellant was convicted for stealing a watch from the person of Hezekiah Dobbins and his punishment assessed at the lowest prescribed by law.

Appellant contends that the evidence is insufficient to sustain the verdict, and within and as a part of that, that the testimony of Chris Tatum, who was an accomplice, was not sufficiently corroborated.

The evidence by Dobbins is to the effect that on the morning of about May 21, 1913, he went in a saloon in Hearne to get a drink of beer and as he walked in he pulled out and looked at his watch and then replaced it in his pocket. The watch was in his side pants watch pocket, to it was attached a fob; that appellant was standing up at the bar when he walked up and called for beer. Appellant at the time asked him to get him, appellant, also a glass of beer which he refused to do; that appellant while he, Dobbins, was at the bar walked right up by his side and they stood there about five or ten minutes; that appellant then called him off in the back just out of the saloon, exhibited to him his, appellant's, little old silver watch and tried to get him to give him $3 on it; he refused that; that Dobbins then started out of the saloon door, felt for his watch and missed it and at once accused appellant of getting it, which appellant vigorously denied. Dobbins swore: "While I was in that saloon, there was no one close enough to me to get my watch, but the defendant, Amos Forward, no one else at all." Dobbins at once went and complained to the officer that his watch had been stolen from him. The officer searched appellant but did not then find the watch on him; that Chris Tatum, when he, Dobbins, went in the saloon, was sitting in a chair over by the heater and never got up out of the chair while he was in the saloon.

The evidence in no way puts either the saloon keeper or his porter in such position or proximity to Dobbins, while he was in the saloon

as for any suspicion even to attach to them that either got the watch. The accomplice, Tatum, testified substantially as did Dobbins. That he was sitting back of the heater the whole time Dobbins was in the saloon and never got near him, but that appellant and Dobbins were standing close together right in front of the bar and that appellant called Dobbins back in the rear of the saloon and that he never got up out of the chair the whole time Dobbins was in the saloon; that after remaining in the saloon some little time after Dobbins accused appellant of stealing his watch and appellant denied it, he, Tatum, went out of the saloon and to a Mexican chile joint; that appellant then came in the chile joint, called him out, told him to take the watch over to a pawnbroker's, pawn it and get money on it and he would divide with him, the money; that appellant then delivered to him Dobbins' watch and he pawned it with the pawnbroker, got a dollar on it, took the dollar back and delivered it to appellant and appellant give him half of it; that he saw Dobbins and told Dobbins if he would give him $2.50 he would go and get his watch; Dobbins, under the direction of the officer, gave him $2.50 and before he got back to Dobbins with the watch he was arrested. He denied that he had it and the officers searched him and couldn't find it and then put him in jail. The officer then went to the pawnbroker and found out that Tatum had pawned the watch, a short time afterwards came and redeemed it, and then the officer went to the calaboose where Tatum was confined and after talking with him, Tatum got the watch out of the calaboose where he had hid it and delivered it to the officer. The watch was thoroughly identified by all the witnesses as the watch Dobbins stated was stolen from him in the saloon by appellant. This accomplice, Tatum, had been himself convicted for stealing this watch at the previous term of court, but the court granted him a new trial and the case was still pending against him at the time he testified in this case.

It has been long settled by the many decisions of this court what is essential to the corroboration of the testimony of an accomplice. We think unquestionably, under the law and decisions, the testimony of the accomplice Tatum was amply and fully corroborated. Nourse v. State, 2 Texas Crim. App., 304; Jones v. State, 4 Texas Crim. App., 529; Tooney v. State, 5 Texas Crim. App., 163; Simms v. State, 8 Texas Crim. App., 230; Clanton v. State, 13 Texas Crim. App., 139; Moore v. State, 47 Texas Crim. Rep., 410; Nash v. State, 61 Texas Crim. Rep., 259; Warren v. State, 67 Texas Crim. Rep., 273, 149 S. W. Rep., 130, and many other cases unnecessary to cite. The testimony in this case is clearly sufficient to sustain the verdict.

This case was tried February 6, 1914, long after the Act of April 5, 1913, had been in effect, amending art. 743 and previous articles as to the charge of the court. Before the argument began the court submitted his charge to appellant's attorney. At the time he made no objection thereto that the court had failed to charge on circumstantial evidence, nor did he at that time request any charge on circumstantial evi-

dence. During the closing argument of the district attorney he, for the first time, requested the court to submit a charge on circumstantial evidence. The court at that time refused to do so. We can not review this question even if the court should have given such charge. Besides, under any contingency the facts proven in this case, if they did not show by direct or positive proof appellant stole the watch, they are in such close juxtaposition thereto as to be equivalent to direct testimony and a charge on circumstantial evidence was not required. Branch's Crim. Law, sec. 203, first subdivision and the next to the last subdivision under this section on p. 107, where some of the cases are collated. Baldwin v. State, 31 Texas Crim. Rep., 589; Surrell v. State, 29 Texas Crim. App., 321; Dobbs v. State, 51 Texas Crim. Rep., 629; Adams v. State, 34 Texas Crim. Rep., 470; Crews v. State, 34 Texas Crim. Rep., 533; Beason v. State, 43 Texas Crim. Rep., 442; Cabrera v. State, 56 Texas Crim. Rep., 141; Law v. State, 71 Texas Crim. Rep., 179, 160 S. W. Rep., 98; Ballard v. State, 71 Texas Crim. Rep., 168, 160 S. W. Rep., 92.

As one ground of his motion for new trial appellant complained that the district attorney, in his closing argument, said: "I want you to look into this defendant's face and see if you do not see marks of guilt there." Appellant alone swore to his motion for new trial. The district attorney contested the motion on this ground and attached thereto his, and the affidavits of every one of the jurors wherein he and they swore that he did not use the language attributed to him above, but instead used this language: "Gentlemen of the jury, look into the face of the defendant and see if there are not marks of intelligence there," and at the time he made said statements he was discussing the intelligence of prosecuting witnesses and comparing same to that of the defendant. The court heard all this in hearing the motion for new trial and overruled it. However, he approved appellant's bill of exceptions to the effect that the district attorney did use such language in his closing argument. We also find that the appellant requested, and the court gave this special charge to the jury: "You are instructed not to consider that part of the argument or remarks made by the district attorney to this effect, viz.: 'Gentlemen of the jury, look into the face of this defendant, and say, if you do not see marks of guilt there.' You will not consider this part of the argument for any purpose." Under the circumstances and the authorities this question does not present reversible error. Pierson v. State, 18 Texas Crim. App., 524; House v. State, 19 Texas Crim. App., 227; Hardy v. State, 31 Texas Crim. Rep., 289; Tweedle v. State, 29 Texas Crim. App., 586; Bingham v. State, 6 Texas Crim. App., 169; Frizzell v. State, 30 Texas Crim. App., 42; Gowans v. State, 64 Texas Crim. Rep., 401.

The judgment is affirmed.

*Affirmed.*