### BESSIE CLEVELAND v. THE STATE.

No. 4779.   Decided December 19, 1917.

**Theft from Person—Circumstantial Evidence—Charge of Court—Juxtaposition.**

Where, upon trial fo theft from the person, the testimony in the case clearly came within the rule that the criminative facts established are in such close juxtaposition to the main facts, as to make them almost equivalent to direct testimony, the court was not required to charge on circumstantial evidence. Following Egbert v. State, 76 Texas Crim. Rep., 663, and other cases.

Appeal from the Criminal District Court of Travis. Tried below before the Hon. James R. Hamilton.

Appeal from a conviction of theft from the person; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Faulk & Monroe,* for appellant.—Cited Forward v. State, 73 Texas. Crim. Rep., 561.

*E. B. Hendricks,* Assistant Attorney General, for the State.

PRENDERGAST, Judge.—Appellant was convicted of theft from the person and assessed the lowest punishment.

The sole question in the case is whether or not the court should have given a charge on circumstantial evidence. The testimony of the complaining witness, Willie Carter, was amply sufficient to show that on the date alleged in the indictment he had in his pocket about $70 in money and met appellant at night on one of the streets in Austin and there made arrangements to have sexual intercourse with her; that they went to a certain locality and about the time he began action, he swore: "We got ready, I got on her, and felt her hand go in my pocket,—I had actually started to have intercourse with her, and felt her hand going in my pocket, in this left-hand pocket (indicating). That was the pocket in which the money was. Then I jumped up and grabbed my pocket at the outside and saw the roll of money was gone—it made a big bulk and I wasn't satisfied, so I ran my hand in my pocket and saw my money was gone. I said, 'You have robbed me.'" She denied his accusations. His testimony then shows that she then tried to run and he took hold of her and undertook to hold her. In the struggle she got loose from him at one time and ran to a negro man who, it seems, was her companion when appellant first met her on said occasion, handed something to him and he ran. He caught her again, and she, struggling to get loose, cut him several times with a knife. He at last drew the attention of others, got an officer and had her arrested. His testimony further was to the effect that on this occasion she got some $70 of his money.

It is so well settled that it needs no citation to the cases, that when the main fact in theft, which is the taking, is proven wholly by circumstantial evidence it is necessary to charge the law applicable to circumstantial evidence. It is equally well settled that when the taking is proven by direct evidence no such charge is required.

It is just as well settled, as stated by Judge White in section 813, subdivision 3, in his Annotated Penal Code, that "where the criminative facts established are in such close juxtaposition to the main facts as to make them almost equivalent to direct testimony, the court is not required to charge on circumstantial evidence." He cites several cases directly in point so holding.

Mr. Branch, in his Criminal Law, section 203, page 107, states the rule thus: "If the facts proven are in such close juxtaposition to the *factum probandum* (in theft, the taking; in burglary, the breaking; in murder, the fatal stroke, etc.), as to be equivalent to direct testimony, a charge on circumstantial evidence is not required." He cites several

decisions of this court in point so holding. It is needless to collate the authorities, but see Egbert v. State, 76 Texas Crim. Rep., 663, and cases there collated; Forward v. State, 73 Texas Crim. Rep., 561, and cases there collated.

We think the testimony in this case is clearly within the law as stated by Judge White and Mr. Branch, and the court committed no error in refusing to charge on circumstantial evidence.

The judgment is affirmed.

*Affirmed.*