### Ricardo Gallardo v. The State.

#### No. 9196.   Delivered June 10, 1925.

**1.—Transporting Intoxicating Liquor—Transcript—Statement of Facts.**

While the caption does not show on what date the court adjourned, under the statute the statement of facts were not filed until many days beyond the time allowed by the order of the court and for that reason cannot be considered.

**2.—Same—Jury—Selection of—Not Error.**

Where appellant and one Vallejo were jointly indicted, and Vallejo first placed on trial, and when his case was given to the jury the remaining veniremen were called in and the court remarked that it was the jury in the other case, no error is presented.

**3.—Same—Bill of Exception—Not Intelligible.**

Where a bill of exceptions complains that the appellant was asked by counsel for the state on cross-examination "How many times have you been convicted in the Federal Court for selling liquor," but fails to show what reply, if any was made, no error is presented.

Appeal from the Criminal District Court of Cameron County. Tried below before the Hon. A. W. Cunningham, Judge.

Appeal from a conviction of transporting intoxicating liquor; penalty, two years in the penitentiary.

The opinion states the case.

No brief filed by appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

MORROW, Presiding Judge.—The offense is unlawfully transporting intoxicating liquor; Punishment fixed at confinement in the penitentiary for a period of two years.

The caption does not show the date of the adjournment of the court at which the case was tried. The term began on the first day of September, and by law, could remain in session for only five weeks. (See Complete Statutes of 1920, p. 32, Dist. 28.)

The statement of facts upon which reliance was had was filed May 7, 1925, many days beyond the time allowed by the order of the court within which it might be filed. For that reason it cannot be considered.

Bill of Exceptions No. 1, cannot be considered because it is in question and answer form.

In Bill No. 2 it appears that the appellant was jointly indicted with one Vallejo, and that a severance was demanded during the trial of Vallejo. The members of the venire, save those impaneled in this case, were excluded from the court room. After Vallejo's case was sumitted to the jury, the veniremen not upon that jury, were called for service in the appellant's case. The parties announced ready for trial, and the jury was impaneled and sworn. When it became time to read the indictment, a remark was made by the court that it was the jury in the other case. Exception was made to the remark at the time but no request was made for any correction, withdrawal or explanation of it. As we understand the qualification of the bill, in selecting the jury the veniremen were made aware of the joint indictment of the two. As presented, the matter shows no error.

From Bill No. 3, it appears that the State's attorney, in the cross-examination of the appellant who was testifying as a witness in his own behalf, propounded to him this question:

"How many times have you been convicted in the Federal Court for selling liquor?"

The bill shows that the objection to the question was overruled but fails to show what reply, if any, was made.

Failing to perceive any errors, the judgment is affirmed.

*Affirmed.*