## FELIX VINSON V. THE STATE.

No. 9595.   Delivered December 2, 1925.

Rehearing denied October 20, 1926.

**1.—Possessing Intoxicating Liquor—Requested Charge—Held, Properly Refused.**

Where, on a trial for possessing intoxicating liquor for the purpose of sale, there was no error in refusing to charge the jury that before convicting appellant they must find that the whiskey in question belonged to appellant or that he or his agents had actually made a sale of same, or was negotiating for sale of same, or intending to do so. If he possessed it for the purpose of sale he would, under the law, be guilty, whether it belonged to him, or he had sold any of it, or negotiated to sell any of it.

**2.—Same—Requested Charge—Covered by Main Charge—Properly Refused.**

Where the court in his main charge had properly submitted the issue of appellant's possession of the intoxicating liquor, there was no error in refusing appellant's requested charge covering the same issue.

**3.—Same—Evidence—Exhibiting Liquor—Held, Proper.**

Where, on a trial for possessing intoxicating liquor for the purpose of sale, there was no error in permitting the jar and bottles in which the liquor was contained, to be placed in view of the jury during the trial, said articles having been identified by the state's witnesses and having been introduced in evidence. Following Agapito Rueda v. State, No. 9344, not yet published.

**4.—Same—Argument of Counsel—Error Cured by Court.**

Where state's counsel in his argument states that appellant was out

making sales of the intoxicating liquor in question, there being no direct evidence to warrant the statement, the error was cured by the charge of the court to the jury to not consider the remarks of the District Attorney that the appellant was out making other sales.

**5.—Same—Cross-Examination of Appellant—Not Improper.**

Where on cross-examination of appellant, while a witness, he was asked by counsel for the state as to his being charged by indictment with other offenses involving liquor, and it is not shown what answer, if any, was made to such questions, and the court directed the jury not to consider same, no error is presented.

**6.— Same — Charge of Court — On Circumstantial Evidence — Properly Refused.**

Where the proof showed that more than a quart of whiskey was found on appellant's premises, that he was present and in possession, and his only defense was that the whiskey was placed on his premises by some one unknown to him, and without his consent, a charge on circumstantial evidence was properly refused.

ON REHEARING.

**7.—Same—Charge of Court—On Circumstantial Evidence—Rule Stated.**

The law requires a charge on circumstantial evidence only when the reliance of the state is upon circumstances alone. When the act is proven by direct testimony, and the inference to be drawn is only as to the intent, or purpose, a charge on circumstantial evidence is not required. In this case the direct evidence shows that in. the house occupied by appellant and used by him there was found the liquor in question. With these conditions we cannot say that the state relied upon circumstantial evidence alone, and the court properly refused to so charge. Following Hunnecutt v. State, 18 Tex. Crim. App. 498. See Branch's Ann. Tex. P. C., Secs. 1874 and 2368. Also see Johns v. State, 100 Tex. Crim. Rep. 65.

**8.—Same—Practice on Appeal—Art. 666 Construed.**

In view of appellant's special charge which was given, a reversal would not be warranted, even though a charge on circumstantial evidence might have been appropriate. Art. 666, C. C. P. 1925, denies the right of this court to reverse for an omission in the charge "not calculated to injure the rights of the accused," and the motion for rehearing is overruled. Following De Los Santos v. State, 65 Tex. Crim. Rep. 518; Low v. State, 71 Tex. Crim. Rep. 179.

Appeal from the District Court of Angelina County. Tried below before the Hon. C. A. Hodges, Judge.

Appeal from a conviction for possessing intoxicating liquor for the purpose of sale, penalty one year in the penitentiary.

The opinion states the case.

*Fairchild & Reddit* of Lufkin, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—Appellant was tried and convicted in the District Court of Angelina County of the offense of unlawfully possessing intoxicating liquor for sale, and his punishment assessed at one year in the penitentiary.

The record discloses that appellant was a brakeman, and was also the owner and proprietor of a domino parlor and cold drink stand; that when he was engaged in the work of a brakeman on a railroad, the cold drink stand and domino parlor was run by a boy under his supervision; that his place of business was frequently occupied by many negroes; and that when appellant was not on his duty as a brakeman, he gave his attention to the supervision of his domino parlor and cold drink stand.

It also appears from the record that on the date of the alleged offense the officers raided appellant's place of business while he was present and in actual charge thereof, and found a gallon of whiskey in a handbag and eight soda water bottles full of whiskey mixed in a crate filled with other soda water bottles. The appellant denied any knowledge of said whiskey being on said premises and testified in his own behalf that he had never kept any for sale and knew nothing of same being there until it was seized by the officers at the time above mentioned.

The court in his general charge and in the usual form charged the jury relative to appellant's having in his possession more than a quart being prima facie evidence, and if they believed from the evidence beyond a reasonable doubt that he had same for sale, to convict him, and in the event of a reasonable doubt to return a verdict of not guilty; and upon the request of appellant charged the jury in addition thereto, that if the intoxicating liquor was placed in the appellant's place of business without his knowledge and consent by some other person other than his agents or representatives, to return a verdict of not guilty.

Appellant complains of the refusal of the court in refusing to give his special charges 1, 2, 5, and 6, based on the theory that unless the jury believed the whiskey in question belonged to the appellant, or that he or his agents had actually made sale of same or was negotiating for sale of same or intending to do so, that he should be acquitted. There is no merit in this contention. Under the law the appellant would be guilty of unlawfully possessing it for sale, regardless of whether it belonged to him, or he had sold any of it or negotiated to sell any of it, if he possessed it for the purposes of sale, and it does not depend upon ownership or the negotiation for sale, to constitute this offense.

Complaint is also urged to the action of the court in refusing

to give special charges requested by the appellant on the issue of possessing said whiskey for sale. The court fully covered this phase of the case in his general charge and in special charge No. 4, given at the request of the appellant, and committed no error in refusing these additional charges on the same issue.

Complaint is made to the action of the court in permitting the jar and bottles in question to be placed in view of the jury during said trial. There is no error shown in this instance, as it fully appears from the record that all of said articles were identified by the state's witnesses and introduced in evidence before the jury. Agapito Rueda v. State, No. 9344, yet unpublished.

The appellant contends that this case should be reversed on the argument of the district attorney wherein he stated that on certain days, the record discloses the appellant did not give a strict account of his whereabouts, that he was out making sales of the intoxicating liquors in question, and to the effect that the appellant showed a "smart trick" and good business in having the whiskey in soda water bottles mixed with other bottles. The court instructed the jury not to consider the remarks of the district attorney that the appellant was out making other sales, and the other portion of the argument relative to the appellant having the whiskey and soda water bottles mixed was thoroughly warranted by the evidence in the case.

Complaint is made to the action of the court in permitting the district attorney to interrogate the defendant while on the stand with reference to being charged by indictment with other offenses involving liquor. The court qualifies this bill by setting out apparently the stenographic report on this issue, which does not show what answer the appellant made to said question, and further shows that the court instructed the jury not to consider same. As presented this bill shows no error.

Complaint is made to the refusal of the court to charge the jury on circumstantial evidence. The whiskey in question was found in the possession of the appellant, containing more than a quart, and his only defense was, and he so testified, that it was there in his place of business without his knowledge or consent. The court upon this phase of the case thoroughly covered the issues raised in his general charge and special charge 4 above mentioned, given at the appellant's request. We are of the opinion that under the facts of this case that there was no error committed in the refusal of the court to instruct the jury on the law of circumstantial evidence. Billing v. State, 271 S. W., 607.

After careful examination of the entire record we are of the

opinion that the judgment of the trial court should be affirmed, and it is accordingly so ordered.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—Appellant owned and conducted a public house. He was also a railway brakeman and spent only a part of his time in his place of business, where he sold cold drinks and furnished tables for playing dominoes. He purchased cold drinks in bottles in cases and had use for an ice-box. His place was frequented by negroes, and at the time of the search a number of them were present. There was evidence that they frequently deposited their baggage on the premises. Among the bottles in the crates there were seven or eight bottles of so-called "shinny," an intoxicating liquor. Under the counter there was a hand-satchel in which there was a gallon of the same kind of liquid. When the hand-bag was discovered and opened, appellant disclaimed any knowledge of its contents or any control or ownership of it. He did not at the time of its discovery deny the ownership of the bottles in the crates, though he claimed at the time that he had no knowledge that any of them contained "shinny." At the time of the search he was present and conducted his business. According to his testimony, however, he had been there but a short time, that is, about twenty minutes. A person by the name of Harris, it seems, conducted the business for the appellant when he was absent. Harris was not called as a witness. Some witnesses testified that negroes who were in the habit of selling whiskey frequented the appellant's place. Others testified that they had often seen drunken negroes around the place. No one testified that the appellant ever sold or attempted to sell any whiskey or other intoxicant.

The court gave to the jury the following special charge:

"You are further charged, in connection with the court's main charge given you herein, that if the liquor in question was placed in defendant's place of business without his knowledge or consent, by some other person not his agent or representative, and that said liquor was there, if any, at the time it is alleged in the indictment, without his knowledge or consent, or if you have a reasonable doubt thereof, you cannot convict the defendant, and will return into court a verdict of not guilty."

Complaint was made of the refusal to charge on the law of circumstantial evidence. The law requires a charge on circumstantial evidence only when the reliance of the state is upon circumstances alone. Hunnicutt v. State, 18 Tex. Crim. App. 498; Branch's Ann. Tex. P. C., Secs. 1874 and 2368. When the act is proved by direct testimony and the inference to be drawn is only as to the intent or purpose, a charge on circumstantial evidence is not required. In the present instance, the direct evidence shows that in the house occupied by the appellant and used by him as a place to sell cold drinks to the public and to be used in playing dominoes, there was found the liquor in question. While there were other parties in the house at the time, the appellant had full control of it and of its contents. If he had not known of the presence of the liquor, or if it was not put there with his consent, then he would not be guilty. The state did not rely upon circumstances to show that he had the liquor but relied upon circumstances to meet his defensive theory of ignorance of its presence. With these conditions, we cannot say that the State relied upon circumstantial evidence alone. See Johns v. State, 100 Tex. Crim. Rep. 65. Of course, the appellant was entitled to some fair presentation by the court to the jury of his theory of defense. This, it occurs to us, was sufficiently shown in the special charge which was given at his request and in which the jury was told that if he did not know of the presence of or was not interested in the liquor found in his premises, he should be acquitted.

In view of the special charge given, a reversal would not be warranted even though a charge on circumstantial evidence might have been appropriate. Article 666, C. C. P., 1925, denies the right of this court to reverse for an omission in the charge "not calculated to injure the rights of the accused." See De Los Santos v. State, 65 Tex. Crim. Rep. 518; Law v. State, 71 Tex. Crim. Rep. 179.

The motion for rehearing is overruled.

*Overruled.*