### H. T. WHITTINGTON v. THE STATE.

No. 14169. Delivered May 13, 1931.

The opinion states the case.

*E. T. Miller,* of Amarillo, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is possession of intoxicating liquor for the purpose of sale; the punishment, confinement in the penitentiary for two years.

Operating under a search warrant, officers went to a house in the town of Amarillo for the purpose of making a search for intoxicating liquor. Upon entering the house they saw appellant and Neal Cobb. Upon seeing the officers, Cobb ran out in the back yard where he was stopped by one of the officers. We quote a portion of the testimony of deputy sheriff Vanderpool, as follows:

"When I saw them it looked like they were bottling up whisky, and when I got in there I found a hose down in the mouth of a bottle, but I can't recall whether it was a jug they were bottling it out of or a keg. I saw Whittington (appellant) there pouring something out of something. As to whether I saw him pour anything out—well, he was fooling there with it. I saw him through the glass door when I kicked it open. They run out the back door. They were right in the room where the whisky was."

Upon approaching the house the officers noticed that the shades were down. The search disclosed 14 pints of bonded whisky, 5 quarts of alcohol, 7 pints of alcohol, 1 quart of gin, 115 bottles of beer, 14 empty pint bottles, 12 gallons of beer mash, 11 empty quart bottles, and two 1-gallon glass jugs.

Appellant did not testify in his own behalf. He placed the owner

of the house on the stand, who testified, in effect, that appellant did not rent or control the premises. He said that he had rented the house to another party.

Appellant objected to the testimony of the officers touching the result of the search on the ground that the description of the premises to be searched varied from the description of the house actually searched. The qualification appended to the bill of exception is to the effect that the description set forth in the affidavit was not at variance with the description of the searched premises. According to the proof introduced by appellant, he was in no manner interested in the premises. We quote from Cornelius on Search and Seizure, sec. 12, ·p. 32, as follows:

"The right to complain because of an illegal search is a privilege personal to the wronged or injured party, and is not available to anyone else."

It is apparent that appellant is in no position to complain because of an illegal search. Pruett v. State, 24 S. W. (2d) 41; Adams v. State, 21 S. W. (2d) 1057; Salinas v. State, 18 S. W. (2d) 663; Jenkins et al. v. State, 299 S. W., 642.

Bill of exception No. 10 brings forward an objection to a remark on the part of the trial judge made in the presence of the jury. It appears from the bill that state's witness Lewis was asked by appellant's counsel on cross-examination if he remembered which side of the automobile he got out on. The witness answered in the negative. At this point the court said: "What is the use of asking which got out first, I think this is an immaterial matter, what is the use of asking which one got out first, I just think you are taking too much time on those things. I don't think it is necessary to ask all of these questions.". After setting forth the answer of the witness, the bill contains appellant's objections to the remark. There is nothing in the bill to show that the testimony was material. Appellant did not request the court to instruct the jury to disregard the remark. We think the bill fails to manifest reversible error. See Gallardo v. State, 274 S. W., 150.

Appellant contends in his brief that bill of exception No. 11 shows that the court permitted the state to wrongfully introduce in evidence acts on the part of Neal Cobb. Looking to the bill, we find that it is recited only as grounds of objection that certain acts of Cobb occurring on the day preceding the search were introduced in evidence. The bill is manifestly insufficient to present error. See Buchanan v. State, 298 S. W., 569. It may be added that if the statement of facts should be consulted it becomes apparent that the testimony was admissible. The testimony on the part of the state showed a conspiracy between appellant and Cobb to commit the offense for which appellant was on trial. In his Annotated Penal Code, sec. 693, Mr. Branch states the rule as follows:

"When a conspiracy is shown, proof of the acts and declarations of

co-conspirators is admissible to show the common design, purpose and intent of all the conspirators, whether such acts and declarations were made before or after the formation of the conspiracy, or whether the same was made before or after the defendant on trial entered into the conspiracy." See Chapman v. State, 76 S. W., 477.

We are unable to determine from the recitals in bill of exception No. 18 whether the trial court fell into error in permitting the state to prove that some person called appellant's phone number previous to the search and asked the party answering the phone to bring him a pint of "Water Filled Frazier" to the McDonald Auto Supply Company. The bill sets out about two pages of testimony. The objection is that the testimony is incompetent, irrelevant, immaterial, hearsay and highly prejudicial. It is clear that some of the testimony was admissible. Appellant addressed his objection to all of it. If the testimony touching the conversation with some party answering appellant's phone was hearsay, its hurtful effect cannot be appraised, if the bill of exception alone be looked to. Wherein did the testimony furnish criminative evidence against appellant? The bill of exception fails to answer the question. It merely advises us that a third party asked someone answering appellant's phone to deliver a pint of "Water Filled Frazier" at a certain place. Is "Water Filled Frazier" an intoxicating liquor? The bill fails to show. In any event, it was incumbent upon appellant to single out the objectionable part of the testimony. Vaughn v. State, 280 S. W., 772.

Appellant timely and properly objected to the court's definition of the term "possess", which was as follows:

" 'To possess' or 'the possession of' of such liquor as described in the first count of the indictment, as those terms are here used in the law, means the exercise by the accused, either alone or acting together as a principal, as that term is hereinafter defined, with another person, of the actual care, control and management of such liquor, regardless of whether he had any ownership in it or not."

We do not understand the law to be that a person must own liquor before he can be held amenable to the statute denouncing possession of intoxicating liquor for the purpose of sale. Vinson v. State, 105 Texas Crim. Rep., 107, 286 S. W., 1100. The charge of the court, in our opinion, under the facts, stated a correct proposition of law.

A careful examination of appellant's contentions leads us to the conclusion that reversible error is not presented.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.