NEAL COBB v. THE STATE.

No. 14383.  Delivered October 28, 1931.

The opinion states the case.

*E. T. Miller,* of Amarillo, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is possession of ·intoxicating liquor for the purpose of sale; the punishment, confinement in the penitentiary for one year.

Armed with a search warrant, officers went to a house in the town of Amarillo for the purpose of making a search for intoxicating liquor. Upon entering the house they saw appellant and one Whittington. Appellant and his companion were using a syphon to draw whisky from a keg. Upon seeing the officers, they ran out into the back yard, where they were arrested. A search of the house disclosed fourteen pints of bonded whisky, five quarts of alcohol, seven pints of alcohol, one quart of gin, five quarts of· red whisky, 115 bottles of beer, twelve gallons of beer mash, and a number of empty bottles and funnels, and some hose and

corks. Prior to making the search the officers had watched the house. Cars would approach the house at night with their lights out. Invariably they drove to the back door. These cars would remain two or three minutes and then leave. The window shades of the house were generally down. One of the officers testified that he went to the house the night before the raid for the purpose of watching it, and that while he was there appellant drove to the house, stopped his car and entered. He said that the lights on appellant's car were out, and that appellant came out of the house in a short time and entered his car and drove away. There were no groceries or clothing in the house, and very few cooking utensils. There was a bedstead, with a mattress on it. There were no sheets, quilts or bed clothing of any character on the bed. Appellant did not testify in his own behalf, but offered the owner of the house, who testified that appellant was not living in the house at the time the officers made the raid. There was other testimony from witnesses showing that appellant resided at another place.

Appellant objected to the testimony of the officers' touching the result of the search on the ground that the description of the premises to be searched varied from the description of the house actually searched. According to the proof introduced by appellant, he was in no manner interested in the premises. Hence he was in no position to complain because of an illegal search. Pruett v. State, 114 Texas Crim. Rep., 44, 24 S. W. (2d) 41. In Whittington v. State, 118 Texas Crim. Rep., 362, 38 S. W. (2d) 814, we considered the appeal of appellant's companion, and, on facts practically the same as those disclosed by this record, held that as Whittington was in no manner interested in the premises he could not complain because of the illegal search.

Appellant has filed no brief pointing out the matters relied upon for reversal. Our examination of the record leads us to the conclusion that the matters raised by the bills of exception must be determined adversely to appellant's contention. In Whittington v. State, supra, this court considered practically the same questions disclosed by the record now under consideration and held adversely to Whittington's contentions.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.