MARIANO REYNA (ALIAS SANTANA REYNA) V. THE STATE.

No. 18948. Delivered May 12, 1937.
Rehearing Denied June 23, 1937.

The opinion states the case.

*Cameron & Hardin,* of Edinburg, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is murder; the punishment, confinement in the penitentiary for ten years.

It was charged in the indictment, in substance, that appellant, with malice aforethought, killed Delfino de Anda by shooting him with a gun.

The State introduced in evidence appellant's confession in which he stated, in effect, that he lay in wait and assassinated deceased when he approached the home of appellant's sister

at night. Appellant introduced his sister as a witness, who testified that she had been living in adultery with deceased for several years. Appellant testified that on the occasion of the homicide he had gone to an outside toilet and had taken the shotgun with him because he was afraid; that after getting outside he saw deceased crawling under the fence on his sister's lot; that he asked deceased what he wanted, and deceased did not reply; that deceased came in his direction and he shot him because he was excited and afraid of him; that his purpose in firing was to frighten deceased; that he fired twice; that he had suspected that deceased and his sister had been having illicit relations.

We think the foregoing brief statement of the evidence is sufficient to show that appellant's exception to the charge on the ground that the court submitted murder with malice was not well taken.

Bill of exception No. 1 presents the following occurrence: On cross-examination by appellant the assistant district attorney testified that during the time he had been in office he had taken a great many voluntary statements from defendants who were charged with crime; that on no occasion did a defendant communicate directly with him and ask him to take his statement; that on each occasion he had been notified by the jailer or some deputy sheriff to come to the jail and take the statement; that a few of the voluntary statements taken from the defendants were exculpatory but that in most instances they were inculpatory; that, so far as he knew, no coercion or force had been used on any of the defendants who had made statements during his tenure of office in order to obtain said statements. After the foregoing testimony had been given appellant's counsel propounded to the witness the following question: "Now, Mr. Chapa, can you tell this jury why this defendant or these other defendants had called you over there and made these so-called voluntary statements and attempted to put them in the penitentiary?" The State's objection to the question was sustained. Thereupon an argument ensued between the court and appellant's counsel in which appellant's counsel stated, in effect, that he thought he was entitled to have the question answered. The court replied: "Confine your theoretical and hypothetical questions to some theory of the evidence before us." Appellant excepted to the remark of the court on the ground that it was a comment on the weight of the evidence. No request was made that the court instruct the jury to disregard said remarks. We are unable to reach

the conclusion that the bill presents reversible error. There is nothing in the bill to show that said remarks related to material evidence. Again, as already observed, appellant did not request the court to instruct the jury to disregard the remarks. See Whittington v. State, 38 S. W. (2d) 814, and Gallardo v. State, 274 S. W., 150.

It is shown in bill of exception No. 2 that a deputy sheriff testified that the day after the homicide he found two 16 gauge shotgun shells at the scene of the homicide; that about noon of the same day appellant delivered to him a 16 gauge shotgun. The witness described the shotgun in detail. Shortly thereafter the court recessed for a few minutes and the jury remained in the box. During said time the deputy sheriff approached the judge's bench with a shotgun in his hand similar in appearance to the one he had described. Appellant's counsel objected on the ground that it was improper for the gun to be brought into the courtroom. The court turned to the jury and instructed them not to consider the fact that said gun had been brought in. In connection with said statement, he said to the jury: "I don't know what shotgun it is and you don't know what shotgun it is until it is offered in evidence." Appellant's counsel objected to the remarks of the court and the court then said: "Well, I don't know what shotgun it is." Appellant's counsel again objected and requested the court to instruct the jury not to consider the remarks, and the court instructed the jury as follows: "Gentlemen of the jury, you are not to consider anything that has happened with reference to this incident." We are unable to perceive in what respect the statement of the court constituted a comment on the weight of the evidence, and we express the opinion that the bill of exception fails to reflect reversible error.

In bill of exception No. 3 appellant complains of the action of the court in permitting the State to introduce in evidence a shotgun that appellant had delivered to a deputy sheriff the day after the homicide. In bill of exception No. 4 it is shown that appellant objected to the introduction in evidence of two empty 16 gauge shotgun shells found at the scene of the homicide. Bill of exception No. 5 shows that appellant objected to the introduction in evidence of a loaded shotgun shell which was in the shotgun at the time appellant delivered it to the officer. Bill of exception No. 6 relates to the introduction in evidence of two buckshot which had been removed from the wall of a building at the scene of the homicide. The testimony embraced in said bills of exception was objected to on

the ground that it did not tend to elucidate any disputed issue in the case. In his testimony appellant admitted that the shotgun and shells introduced in evidence belonged to him, and that he used the gun in question in killing deceased. In Broom v. State, 242 S. W., 236, this court said: "We understand the rule of evidence to be that in cases of homicide the weapon used is admissible in evidence." We are constrained to hold that the bills of exception fail to reflect error.

It is shown in bill of exception No. 7 that after the jury retired to deliberate appellant stated to the court that he desired to take a bill of exception to the remarks of one of counsel for the State. Appellant should have objected to the argument at the time it was made. This court has committed itself to the proposition that ordinarily objection must be made at the time the argument occurs, in order that the attorney making it may, if he sees fit, withdraw or explain it. Sears v. State, 291 S. W., 547.

Failing to find reversible error, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—From our re-examination of the record in the light of the motion for rehearing, we are constrained to hold that the disposition of the appeal upon the original hearing was upon proper interpretation of the law as presented by the facts in issue.

The motion for rehearing is overruled.

*Overruled.*