STATE OF IOWA, Appellee, v. SIGLE MIKELS, Appellant.

No. 44162.

April 5, 1938.

John Mitchell, Attorney General, Buell McCash, Special Assistant Attorney General, and E. P. Powers, County Attorney, for appellee.

T. A. Goodson and Simmons & Johnston, for appellant.

Richards, J.—The indictment accused defendant of arson committed as follows:

"The said Sigle Mikels on or about the 11th day of September, A. D. 1936, in the County of Appanoose and State of Iowa, wilfully and maliciously burned the barn of F. C. Edwards, contrary to the provisions of section 12991-b2 of the Code of Iowa 1935."

Defendant entered a plea of not guilty. There was a trial and a verdict returned finding defendant guilty as charged. From the judgment rendered thereon defendant has appealed.

One of the instructions requested by defendant was the following:

"No. 1. You are instructed that in this case the state relies wholly upon circumstantial evidence. Circumstantial evidence is proof of a series of other facts than the fact in issue which, by experience, have been found so associated with that fact that, in relation of cause and effect, they lead to a certain and satisfactory conclusion; such evidence is founded on experience and observed facts and coincidences, establishing a connection between the known and proved facts and the fact sought to be proved."

The giving of this instruction was refused, and the following

quoted instruction No. 7½ was given relative to the subject matter of the requested instruction:

"The facts essential to establish and prove the guilt of the defendant, or any of such facts, may be shown by either direct or circumstantial evidence.

"Direct evidence is testimony and evidence of witnesses who have seen or heard the things or facts about which they testify.

"Circumstantial evidence is evidence of collateral facts and circumstances upon the proof of which the main fact sought to be established may be inferred.

"To warrant a conviction upon circumstantial evidence, each fact in the chain of circumstances necessary to be established to prove the guilt of the accused must be proven by competent evidence, and beyond a reasonable doubt, and all the facts and circumstances necessary to prove guilt must be connected with each other, and with the main fact sought to be proved; and all the circumstances taken together must be of a conclusive nature, leading to a satisfactory conclusion, and producing a moral certainty that the crime charged was committed, and that the party charged committed it. In such case, circumstantial evidence may be as satisfactory as direct evidence in the proof of the crime charged, and against the person charged.

"But if the facts and circumstances proven can be reconciled upon the theory of innocence, as well as upon the theory of guilt, then the person charged is entitled to have the construction placed upon them favorable to his innocence. It is not sufficient that the facts and circumstances coincide with, or render probable, the guilt of the defendant, but they must exclude any other reasonable hypothesis."

Defendant contends that the court erred in refusing to give said requested instruction No. 1, because, says defendant, the evidence introduced being entirely circumstantial, the defendant was entitled to an instruction so advising the jury. Defendant also assigns as additional error the giving of instruction 7½ because (a) the reference therein to direct evidence led the jury to believe that the state's evidence was not entirely circumstantial and (b) under the court's definition of direct evidence all the testimony offered would be considered by the jury as direct evidence.

One of the instructions given the jury was, in effect, that the essential elements of the indictment were: (1) That on or about September 11, 1936, in Appanoose County, Iowa, a barn belonging to F. C. Edwards was wilfully and maliciously burned; and (2) that said barn was burned by defendant. The evidence introduced to establish these essential elements as laid down in the instructions may be summarized as follows: Testimony that at about 8:45 or 9 o'clock p. m. on the date mentioned a barn on the farm of F. C. Edwards was consumed by fire; testimony of witnesses that, some hours after discovery of the fire and also during the early hours of the following morning, they saw shoe tracks near the barn and at intermediate points between the barn and defendant's place of residence located 1¼ miles from the barn; testimony that defendant's shoes fitted into these tracks and that the tracks indicated that the person making them turned outward the forward end of the shoes, and testimony that such was defendant's manner of walking; testimony of a witness that a short time before the fire was discovered he saw in the darkness a person about 40 feet from the barn, a flash of lightning enabling the witness to see this man though the flash did not enable the witness to tell anything about the man's face; that following the flash it was dark; the witness testified the man so seen was defendant. This witness testified that he had no communication or contact with the man he claims he saw and that he returned to the house and went to bed, without further attention to this man and without advising others who were in the house concerning the incident; testimony that there had been ill feeling between defendant and one J. R. Lindsey who was the lessee of the premises and had personal property in the barn; testimony that during the evening the barn burned the immediate locality was being visited by an electrical storm accompanied by rainfall and sharp lightning.

■■■ In this testimony appears no direct evidence that the barn was wilfully and maliciously burned, or that defendant was the person who committed the alleged offense, because a belief that either of these essential elements had been proven would arise mediately from this testimony, not directly or specifically, nor would it arise until a process of reasoning, concerning the probabilities suggested by the testimony, might result in adopting the state's contention with respect to these controverted questions of fact. The argument of appellee is that

the circumstantial showings, particularly the testimony with respect to the shoe prints, and the testimony of the witness that he saw defendant near the barn a short time before the fire was discovered, are in such "close juxtaposition" as to be equivalents of direct evidence of the factum probandum, and that therefore it was not reversible error to charge the jury without reference to the doctrine of circumstantial evidence. Appellee cites Egbert v. State, 76 Tex. Cr. R. 663, 176 S. W. 560; Forward v. State, 73 Tex. Cr. R. 561, 166 S. W. 725; Montgomery v. State, 55 Tex. Cr. R. 502, 116 S. W. 1160. Whether the Texas rule goes to the extent claimed by appellee need not be discussed. In this jurisdiction it has been recognized that it is difficult at times to distinguish between direct and circumstantial evidence. But no case has been called to our attention in which we have laid down the rule that circumstantial evidence connecting the defendant with the alleged offense may be in such measure an equivalent of direct evidence, on account of "juxtaposition", that the well-established rules with respect to instructions concerning wholly circumstantial evidence in criminal cases may be ignored by the trial court, even though requested, without prejudice to the defendant. We are convinced that to so hold would but add an additional element of uncertainty and confusion.

■■■ The evidence tending to prove that the barn was wilfully and maliciously burned, and the evidence tending to prove that defendant committed the offense if it was so burned, being wholly circumstantial, the jury should have been so instructed, in connection with and supplementary to instructions laying down the established rules governing the manner of consideration by a jury of the evidence when, in a criminal case, it is wholly circumstantial in character. State v. Blydenburg, 135 Iowa 264, 112 N. W. 634, 14 Ann. Cas. 443; State v. Brazzell, 168 Iowa 480, 150 N. W. 683; State v. Glendening, 205 Iowa 1043, 218 N. W. 939; State v. Engler, 217 Iowa 138, 251 N. W. 88. Appellant makes no complaint concerning that portion of instruction 7½ in which the court endeavored to advise the jury with respect to such established rules concerning the manner of consideration and the weight to be given circumstantial evidence in such situations, but does urge that the court erred in not directing the jury to apply this portion of the instruction to all of the evidence, because all the evidence was circumstantial. We agree that there was such error. Not only did the court

fail to direct such application of the portion of the instruction of which defendant makes no complaint, to all the evidence, by advising the jury that all the evidence was circumstantial, but it will be noted that in instruction 7½ the jury was told that the facts essential to prove defendant's guilt may be shown by either direct or circumstantial evidence. Therefrom the jury could hardly have avoided inferring that there was direct as well as circumstantial evidence to be weighed by them in determining the question of defendant's guilt. State v. Brazzell, 168 Iowa 480, 150 N. W. 683. Tending to further mislead and confuse, instruction No. 7½ advised the jury that "direct evidence is testimony and evidence of witnesses who have seen or heard the things or facts about which they testify." This definition did not even restrict direct evidence to testimony *to facts in issue*. In State v. Brazzell, 168 Iowa 480, 490, 150 N. W. 683, 688, although the definition of direct evidence given the jury did define direct evidence as "evidence of witnesses to *a fact or facts in issue* of which they have knowledge by means of their senses," yet the court made this pronouncement:

"To the apprehension of the average juror a fact in issue is any fact upon which there is a conflict of evidence between the contending parties and the definition given would to them appear to include testimony bearing upon the existence or non-existence of the things relied upon as circumstantial evidence, as well as testimony of eyewitnesses of the alleged crime. Under such instruction the jury may well have confused direct testimony of a mere collateral fact or circumstance with direct evidence of appellant's guilt. Hence, as there was confessedly no direct evidence of the crime, the jury should have been clearly so informed and the instructions should have been confined to the rules governing the proper consideration of a case of circumstantial evidence."

In the instant case, under the definition given, the jury may well have looked upon direct evidence of a collateral fact or circumstance as being direct evidence of defendant's guilt, because of the definition's sweeping inclusiveness of any testimony concerning things or facts seen or heard by the witnesses, regardless of whether it was testimony to facts in issue, or to facts which were purely circumstantial.

There are other assignments of error, but consideration of

them appears to be unnecessary. On account of the errors pointed out the judgment against defendant is reversed.—Reversed.

STIGER, C. J., and HAMILTON, SAGER, MILLER, DONEGAN, and MITCHELL, JJ., concur.

ANDERSON, J. (dissenting)—I dissent with the discussion and result reached in the foregoing opinion. I would approve the instruction No. 7½ and affirm the ruling refusing to give the requested instruction.

KINTZINGER, J., joins in this dissent.