## MIKE SCOTT V. THE STATE.

No. 20034.   Delivered March 8, 1939.

The opinion states the case.

*Taylor, Irwin & Irwin, Ivan Irwin,* and *Wallace B. Moore,* all of Dallas, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The offense is aggravated assault; the punishment assessed at a fine of $200.00.

The State's testimony shows that the alleged assaulted party, Miss Galloway, was employed at a drug store in the city of Dallas. On the evening in question Austin Fisher and the appellant, Mike Scott, adult male persons, came into the drug store. Appellant said to Miss Galloway, "Why don't you smile about it?" to which she replied, "I really don't have anything to smile about." Appellant then picked up a glass tray and began beating on the counter with it but she apparently gave him no attention. He then called her to wait on him; that he wanted a package of cigarettes. Miss Galloway turned toward Fisher and asked him if he wanted some cigarettes. He replied, "No,

I have a full package." She sold appellant a box of matches and then went to the rear of the store and remained there until appellant and Fisher left by way of the front door. In about ten minutes they returned, accompanied by appellant's sister, Pauline Scott, who, when she saw Miss Galloway, said, "Is this the woman?" and grabbed her about the neck. Appellant replied, "Yes, but leave her alone," at the same time placing his hand on his sister's hand.

Miss Dooley, who was at the soda fountain, testified that appellant said, "Hello" to her and seemed to be angry at Miss Galloway. He said that "he was going to get a girl or his girl to beat hell out of that little —— behind the counter," Miss Galloway being behind the counter at the time. Appellant and Fisher then left but in a few minutes returned, accompanied by Pauline Scott, who said, "Which one is it?" Appellant replied, "That one behind the counter." Pauline then started toward Miss Galloway and grabbed her. Appellant was right there when the scuffle started.

We regard the foregoing synopsis of the testimony a sufficient statement for a clear understanding of the ground upon which we are disposing of this case.

Appellant addressed a number of objections to the court's charge and requested a number of special charges. His main objection was addressed to the following instruction: "Now, if you believe from the evidence, beyond a reasonable doubt, that the defendant did, in the County of Dallas and State of Texas, on or about the 20th day of November, 1937, as alleged, commit an aggravated assault and battery upon the person of one Earlyne Galloway as charged in the information, you will find the defendant guilty and assess his punishment at a fine of not less than twenty-five nor more than one thousand dollars, or by imprisonment in the county jail not less than one month nor more than two years, or by both such fine and imprisonment" to which charge appellant objected on the ground that it was not based on any evidence. We are of the opinion that his contention is well founded. It appears that appellant did not himself make the assault but induced his sister Pauline to do so. Her act, however, was his act; consequently he would be equally as guilty of aggravated assault as if he had made the assault himself. The court's charge on simple assault was a correct pronouncement of the law and should have been made applicable to aggravated assault instead of simple assault because appellant, under the evidence as disclosed by the record, was not entitled to a charge on the law of simple assault. Being

an adult male person, he was either guilty of an aggravated assault or not guilty of anything.

Appellant requested a number of special charges which the court declined to submit to the jury. Among the charges so requested was the following: "You are further instructed that our statutes provided that violence used upon the person of another does not amount to an aggravated assault where such violence is used in defense of another against unlawful violence offered to his person.

"Now, therefore, you are instructed that if you find and believe from the evidence beyond a reasonable doubt that the defendant, Mike Scott, touched the shoulder, or dress or neck of Earlyne Galloway but you further find from the evidence or have a reasonable doubt thereof that Mike Scott touched the shoulder, or dress or neck of Earlyne Galloway with the intention on his part to then and there prevent Pauline Scott from using any unlawful violence upon the person of Earlyne Galloway, you will find the defendent not guilty of aggravated assault."

We are of the opinion that by reason of the instruction above quoted appellant was entitled to the requested charge or one of like import. If, however, upon another trial the court eliminates his instruction on aggravated assault, as the same appears in his main charge and makes his charge on simple assault applicable to the offense of aggravated assault, then it might not be necessary to give the requested charge or one of like import, unless there should be evidence from some source that appellant requested his sister to let prosecutrix alone before the sister ever laid her hands on Miss Galloway. If he made such request after the assault had begun, then it would be of no avail to him.

The instruction on the law of principle was proper because if any offense was committed it was a misdemeanor and appellant was a principal. See Stone v. State, 112 S. W. (2d) 465.

A charge on circumstantial evidence or accident was not required.

For the errors herein discussed, the judgment of the trial court is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.