### Titus Davis v. The State.

No. 9621. Delivered December 9, 1925.

Rehearing denied January 20, 1926.

**1.—Manufacturing of Intoxicating Liquor—Evidence—Properly Admitted.**

Where, on a trial for manufacturing intoxicating liquor, appellant having been found in possession of equipment for making whiskey, there was no error in permitting the State to prove that the morning after his arrest, officers went to his home, and found a bottle of whiskey under some rags just outside the back door of the house.

**2.—Same—Evidence—Of Equipment Found—No Error.**

Where, in a trial for manufacturing intoxicating liquor, the sheriff having testified that he was familiar with the manufacture of whiskey, there was no error in permitting him to testify that the paraphernalia found by him on appellant's premises was suitable for the manufacture of intoxicating liquor.

ON REHEARING.

**3.—Charge of Court—Definition of "Still" and "Possess"—Held, Correct.**

Where the court charged the jury in a trial for manufacturing liquor that by a "still" was meant equipment intended for use and capable of being used to manufacture spirituous, vinous or malt liquor, and that "possess" meant the actual personal care and management of the property, either alone or jointly with others, such charge is held to be correct.

**4.—Same—Principals—Charge on—Held, Proper.**

Where the evidence in this case disclosed that appellant was acting together in the manufacture of whiskey with one Lon Talbert, the court properly charged on the law of principals.

Appeal from the District Court of Kaufman County. Tried below before the Hon. Joel R. Bond, Judge.

Appeal from a ·conviction for manufacturing intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

*Wynne & Wynne* of Kaufman, for appellant.

*Sam D. Stinson*, State's Attorney, and *Nat Gentry, Jr.*, Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Upon trial in the District Court of Kaufman County for possessing equipment for the manufacture of intoxicating liquor, appellant was found guilty and his punishment fixed at one year in the penitentiary.

Officers raided Lon Tolbert's house, searching for liquor violations. The raid was made about midnight. As the officers approached Tolbert darted out of his barn near the house. One officer gave chase, the other going on to the house where a light was observed in the kitchen. About the time this officer got to where he could see through the window a shot was fired by the other officer who was pursuing Tolbert. When this was heard appellant who, according to the testimony of the officer, was in the kitchen, grabbed a can on the stove and tried to lift it off. The can was later found to contain mash. The officer shouted at him and appellant ran. The officer headed him off and appellant ran back in the house and in a moment or two was captured by the officers. The equipment—the sufficiency of which for the purpose of manufacturing liquor was testified to by the officers— was found and included the can above referred to. The case was submitted to the jury upon the law of circumstantial evidence. We think the evidence sufficient to justify the jury's conclusion.

There were two bills of exception, one of which complains that on the morning following the raid the officers testified that they went back to the place and found a bottle just outside the back door of Tolbert's house under some rags which contained or had contained whiskey. There was no error in the admission of this testimony.

The second bill complains that the sheriff was permitted to testify that the equipment was sufficient for the purpose of manufacturing liquor. Having testified to his observation of similar matters, the sheriff was properly allowed to give the testimony objected to.

No error appearing in the record, the judgment will be affirmed.

*Affirmed.*

ON REHEARING.

LATTIMORE, JUDGE.—The complaint now is of the charge of the court. Same is too long to copy in this opinion those parts complained of, but each of them has received our careful consideration in the light of appellant's complaint both on original presentation and in the motion for rehearing.

We do not think it erroneous for the court to have stated in his charge to the jury the fact that there were two other counts of named character in the indictment which were discarded by the State and that the jury should consider only a certain specific count named.

The court's definition of a still was entirely proper, as was his definition of what is meant by "possess". The court told the jury that by "still" was meant equipment intended for use and capable of being used to manufacture spirituous, vinous or malt liquors, etc. He told them that "possess" under this Statute means the actual personal control, care and management of the property, either alone or jointly with others, and that it is not necessary that the person charged be the owner.

Under the facts in this case the court was correct in submitting the law of principals and in telling the jury that if the accused, acting either alone or with one Lon Tolbert, committed the offense charged, they should find him guilty.

We see no reason to change our conclusion as to the sufficiency of the evidence in this case.

The motion for rehearing will be overruled.

*Overruled.*