## NICK SCHENK v. THE STATE.

No. 10428.    Delivered April 13, 1927.

1.—Possessing Intoxicating Liquor—Search Warrant—Held Sufficient.

Where, on a trial for possessing intoxicating liquor for the purpose of sale, it was shown that some forty-eight half-gallon jars of whiskey was found in a chicken-house some distance from the residence of appellant, the search warrant authorizing the search of the premises, signed and sworn to by but one person, was sufficient.

2.—Same—Circumstantial Evidence—Charge On—Improperly Refused.

Where, on a trial for possessing intoxicating liquor, the mere discovery of a quantity of whiskey in a chicken-house, some three hundred feet and across a vacant lot from appellant's residence, there being no other or direct

evidence of appellant's ownership or control of said chicken-house, presented a case depending on circumstantial evidence, and it was reversible error to refuse appellant's special charge presenting this issue.

**3.—Same—Charge of Court—"Possession"—Definition Of.**

In the case before us, complaint is made of the definition of "possession" as given in the court's charge. A better definition of the term "possession" than that given, would be "possession is the exercise of care, control, and management of the liquor in question."

Appeal from the District Court of Archer County. Tried below before the Hon. H. R. Wilson, Judge.

Appeal from a conviction for possessing intoxicating liquor for the purpose of sale, penalty one year in the penitentiary.

The opinion states the case.

*Mathis & Caldwell* of Wichita Falls, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction of possessing intoxicating liquor for purposes of sale, punishment one year in the penitentiary.

With a search warrant, Mr. Ikard went to the home of appellant. Nothing was found in his residence, but in a hen-house forty-eight half-gallon jars of corn whiskey were found, and some distance from the residence a still in operation was discovered, near which were nine other half-gallon jars of corn whiskey. Appellant did not testify but apparently relied on the affirmative defense that he did not put the whiskey in the hen-house, and did not know it was there. He introduced only one witness who testified that he lived across the street from appellant, that the latter had several outhouses, the one where the whiskey was found being about three hundred feet from appellant's residence and across a vacant lot from same, and further, that this particular outhouse was not at said time used by appellant as a chicken-house. This witness further testified that on the day before appellant's arrest he saw a man place a case, "one what the fruit jars are in," in this outhouse.

At appellant's request the court gave a special charge to the effect that if the jury believed that appellant did not know the liquor was on his premises, or had a reasonable doubt thereof, they should acquit.

We think the affidavit for the search warrant sufficient, even

though sworn to by only one person. The house where the liquor was found was not the private residence of the accused. It is not even shown that the house was on his land, and without dispute was separated from the dwelling by a vacant lot. In such case we think the search warrant and affidavit should be governed by the general provisions of the statute and not by any special provisions contained in Art. 691, P. C.

An exception was taken to the charge for its failure to submit the law of circumstantial evidence. A special charge submitting the law of this issue was refused. The factum probandum in the case was the possession of intoxicating liquor for the purpose of sale by appellant. Enough liquor to justify the assumption by the jury that it was possessed by some one, was found in said house. This house, as above stated, was some three hundred feet from the dwelling and separated therefrom by a vacant lot. No one denied this fact. The state witness testified that when he reached the premises he saw appellant near the house where the liquor was afterward found. No admission of appellant, or other proof of his ownership or possession, appears. The only defense witness testified that he saw a man, other than the appellant, on the day before the arrest, place a case such as contained fruit jars, in the house where the liquor was found. The still found was some three-fourths of a mile from the residence, and when the officers approached same they observed a man, other than appellant, run away from the still. The fact of ownership and possession, if any, was but an inference deducible from all the circumstances in the case, and it appears to us plain that a charge on circumstantial evidence should have been given.

There is a bill of exceptions complaining of certain argument made by state's counsel in his closing address to the jury, which is asserted to be a reference to the appellant's failure to testify. The bill is on close lines, but inasmuch as the case must be reversed for the reason set out, and this will not likely occur upon another trial, we do not discuss it.

Complaint is made of the definition of "possession." In view of another trial it is suggested that a better definition of the term "possession" is the exercise of care, control and management of the liquor in question.

For the error above mentioned the judgment is reversed and the cause remanded.

*Reversed and remanded.*