L. R. GILES v. THE STATE.

No. 14515.   Delivered November 25, 1931.
Rehearing Denied February 3, 1932.

The opinion states the case.

*G. W. Dunaway,* of Midlan, for Appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is possession of intoxicating liquor for the purpose of sale; the punishment, confinement in the penitentiary for one year.

Operating under a search warrant, officers went to the house in which appellant, appellant's wife and several other people lived. The officers testified that appellant had been living there for two or three weeks prior to the date of the search. Appellant was sitting on the side of his bed dressing when the officers entered the house. According to the testimony of one of the officers, he handed appellant the search warrant and said: "You got it here, haven't you, Red?" The officer said that after he made this remark, appellant said: "I guess I have." The other officer testified that after appellant had dressed he handed him the search warrant and that appellant looked it over. He said to appellant: "It is yours Red", and appellant replied: "I guess so." We quote the testimony of this officer, as follows: "And I told him if he would show us where it was that we would not tear up anything, so he finished putting on his clothes and went to the kitchen to get the key from his wife and she didn't have—No. She went to get it from his wife, and she didn't have it, and it was laying on the chest of drawers on a book or table or some-

thing, and he got it out and unlocked the door and said, 'Here is the whisky'. The door I refer to was the door to a small room on the south side of the house. The whisky found in that room is all that I saw. I then came on to town with Giles (appellant). I don't know how much whisky was in the closet.

On cross-examination the witness said: "Red (appellant) asked one of the ladies where the key was, but I don't remember that she told him it was in the back bed room on the dresser. He (appellant) went to get the key from his wife and he came back and found it on the dresser or desk or, I don't remember what. I didn't hear one of the ladies tell him where it was. When I came to town I brought Red (appellant) with me but did not bring Allen. As to the whisky in the closet not having been found at that time, I didn't see any whisky in the closet."

The witness further testified that the whisky he found was in a little room. Seventy-two gallons of corn whisky and twelve pints of straight American whisky were found in the room, and in a closet which was practically in the center of the room a quantity of straight American whisky was found. At the time the search was made appellant, a man by the name of Allen, appellant's wife, and Mrs. Roberts were present.

Appellant did not testify in his own behalf, but introduced several witnesses who testified that Mrs. S. P. Roberts rented the house; that appellant was not interested in the house further than that he and his wife occupied a front bed room, for which they paid rent to Mrs. Roberts. The testimony on the part of appellant's witnesses was to the further effect that appellant had no control over the closet and room in which the whisky was found. It appears further from the testimony of these witnesses that Mrs. Roberts' husband was in the state of New Mexico at the time appellant was being tried. Appellant's wife testified that appellant had no control over the house and no control over the closet where the whisky was found. She said she did not know to whom the whisky belonged. Mrs. Roberts testified that she did not know the whisky was in the house and did not know to whom it belonged. Appellant's co-defendant, Allen, did not testify.

The court submitted an instruction covering the law of circumstantial evidence. Appellant takes the position that the evidence is insufficient to exclude every other reasonable hypothesis except that of his guilt. We are unable to agree with this contention. While it is true that appellant's statement to the officers when they entered the house and handed him the search warrant was not an unequivocal confession of guilt, such statement, when considered in connection with the fact that appellant unlocked the room in which part of the whisky was found and told the officers that the whisky was in the room, would warrant the conclusion that appellant possessed the whisky. The testimony, in our opinion, presents proof to a degree of certainty greater than a mere probability or strong suspicion

that appellant committed the offense or was a participant in its commission. The facts are consistent with each other and with appellant's guilt, and all of the circumstances, taken together, appear to be of a conclusive nature "leading on the whole to a satisfactory conclusion and producing in effect a reasonable and moral certainty that appellant committed the offense charged." We think the circumstances exclude every other reasonable hypothesis except that of appellant's guilt. See Branch's Annotated Penal Code, sec. 1875; Harris v. State, 67 Texas Crim. Rep., 251, 148 S. W., 1074, 1080; Coffman v. State, 73 Texas Crim. Rep., 295, 165 S. W., 942.

Appellant objected to the testimony touching the result of the search on several grounds. Several of appellant's witnesses testified that the officers found the whisky in the house. Hence appellant is in no position to complain of the illegality of the search. Moreover, according to the proof introduced in the case, appellant was in no manner interested in the premises searched by the officers. Nothing was found in the room in which he and his wife lived. We quote from Cornelius on Search and Seizure, sec. 12, p. 62, as follows: "The right to complain because of an illegal search is a privilege personal to the wronged or injured party, and is not available to anyone else." It is apparent that appellant is in no position to complain because of an illegal search. Whittington v. State, 118 Texas Crim. Rep., 362, 38 S. W. (2d) 814.

Appellant brings forward a bill of exception in which he complains of the argument of the district attorney. It appears from the bill, as qualified, that the district attorney used language as follows: "Red Giles (appellant) is the only man that known he was in the possession of that liquor on the fifteenth. He is the only man that knows. Nobody forced him to say 'Yes I got it here'. Nobody forced him to say that. Red Giles himself convicted himself and he is the man that knows. All this other testimony in the case is really immaterial, absolutely immaterial. It is absolutely immaterial when he brought the whisky in there or whether he brought it in there. The only material question is, did he have it there, and he told the officers he did when they asked him."

When the district attorney stated that Giles was the only man who knew he was in possession of the liquor, appellant objected on the ground that the remarks constituted a direct reference to his failure to testify. The objection was overruled and the district attorney completed his statement. In the qualification to the bill the trial court said the statement of the district attorney should be considered as a whole. We are unable to agree with appellant that the statement of the district attorney was a reference to appellant's failure to testify. It is obvious, we think, that the district attorney was discussing appellant's statement to the officers at the time the search was made. This statement had been properly received in evidence during the trial. It is legitimate for counsel to dis-

cuss the facts in evidence and draw reasonable deductions therefrom. Branch's Annotated Penal Code, sec. 370; Kelly v. State, 37 Texas Crim. Rep., 641, 40 S. W., 803.

Failing to find error, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—When the officers were admitted to the house in question, on the occasion of their finding liquor in said house, they found appellant in his underclothing sitting on a bed in a room apparently separated from the room in which was found more than eighty gallons of whisky, only by a locked door, the key of which appellant got. It appears that as soon as these officers entered they gave appellant a search warrant which directed the search of the house in question, but referred therein to the occupancy as "A party unknown to affiants," and that the officer said to appellant after he had looked over said search warrant "It is yours," and that appellant replied "I guess so." The officers testified that they told appellant if he would show them where *it* was, they would tear up nothing; that appellant then went into the kitchen to get the key from his wife, but came back, took the key from on a dresser or desk, unlocked the door and said "Here is the whisky". Appellant did not testify. His wife did, as did also a Mrs. Roberts who swore that her husband paid the rent on said house. Roberts was not there when the raid was made. Mrs. Roberts also swore that on the day preceding she was in the room where the whisky was found, and there was no whisky in said room at that time. This situation and these statements seem ample to justify the jury in concluding appellant possessed the whisky. This is the only point made in the motion for rehearing, which will be overruled.

*Overruled.*