## W. D. STONE v. THE STATE.

No. 19155.   Delivered December 8, 1937.
Rehearing Denied January 26, 1938.

The opinion states the case.

*Cecil R. Glass,* of Marlin, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Appellant was convicted of an aggravated assault and battery, and his punishment was assessed at a fine of $200.

The count in the information upon which appellant was convicted, charged in substance, that on or about the 15th day of February, 1937, W. D. Stone, an adult male person, did commit an aggravated assault upon Mary Beth Kerr, a female person, etc.

The State's testimony shows that the adopted daughter of appellant, who was attending the public school, was punished by her teacher, Mrs. Mary Beth Kerr, for having told a falsehood. Appellant, who had come to the schoolhouse for the child, was advised of the occurrence. He immediately sent for Mrs. Kerr and told her that he intended to let his wife settle with her for whipping the child. He then left but returned in a very short time accompanied by his wife, who was armed with a stick. At the schoolhouse they inquired as to the whereabouts of Mrs. Kerr, and when told by one of the boys that she was at the home of the superintendent, Mrs. Stone, wife of appellant, asked the boy to go and tell Mrs. Kerr that she wished to see her, remarking at the time that she was going to "whip hell out of her." Mrs. Kerr, on being informed of Mrs. Stone's desire to see her, went to the automobile in which appellant and his wife were waiting. Mrs. Stone began to strike and beat her with the stick, inflicting such severe injuries on her that she was forced to remain at a hospital for several weeks.

Appellant, as well as his wife, denied that he knew of his wife's unlawful intention, or that he in any way aided, abetted, or encouraged his wife in the commission of said offense.

The court, in his charge, instructed the jury as to who are principals, and then instructed them that if they believed from the evidence beyond a reasonable doubt that appellant struck Mrs. Kerr, to find him guilty, etc. He further instructed them that if they believed from the evidence beyond a reasonable doubt that the defendant, W. D. Stone, did not commit an assault upon Mrs. Kerr; yet, if they believed from the evidence beyond a reasonable doubt that Mrs. Laura Stone actually committed the offense, if any was committed, and the said W. D. Stone was present, and knowing the unlawful intent of his wife, aided by acts or encouraged by words or gestures, Mrs. Stone in the commission of the unlawful act, he would be a principal offender and might be prosecuted as such.

If we understand appellant's position correctly, he makes two contentions: (1) That there is a variance between the allegations in the information and in the proof, in this: That it was charged that W. D. Stone, an adult male person, committed an assault upon Mrs. Kerr, a female person, but the testimony shows that Mrs. Stone committed the offense. (2) That the court erred in charging on the law of principals because the evidence did not raise that issue.

We are not in accord with appellant on either of the positions taken by him. In all misdemeanor cases, all parties participating in an effense are principals without reference to whether they may or may not be accomplices.

When appellant left the schoolhouse, he told Mrs. Kerr that he would let his wife settle with her. What kind of settlement did he have in mind? When he and his wife were returning to the schoolgrounds, his wife carried a stick. For what purpose did he think she carried it? In addition, he heard her tell the boy that she was going to "whip hell out of Mrs. Kerr," and while Mrs. Stone was striking and beating her, appellant made no effort to interfere whatsoever. Apparently, the matter seemed to be progressing to suit him until the arrival of the superintendent, at which time he took his wife by the arm, led her to their automobile and they proceeded to go to their home.

If the jury believed from the evidence beyond a reasonable doubt that appellant urged or advised his wife to commit the offense, and by his presence or otherwise, encouraged her, then he would be a principal offender. Under such a state of facts, her act was the act of the appellant to the same extent, and to all purposes in law, as if he, himself, had actually struck Mrs. Kerr. Consequently, it was proper for the information to charge him with actually striking Mrs. Kerr, omitting others

who were engaged in the commission of the offense. In support of what we have said here, we refer to the case of Mills v. State, 13 Texas Crim. Rep., 487.

We are of the opinion that the court was eminently correct in charging on the law of principals. We see no material difference between appellant's special requested charge on the law of principals and the court's main charge on the subject except that appellant's requested charge is more restrictive—in fact we believe it too restrictive.

Finding no reversible error in the record, the judgment of the trial court is in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—We have again reviewed the record in the light of the motion for rehearing filed by appellant, and are constrained to conclude that the proper disposition of the appeal was made upon the original hearing.

The motion for rehearing is overruled.

*Overruled.*