VIRGIL PAFFORD V. THE STATE.

No. 22733. Delivered February 2, 1944.

The opinion states the case.

*J. Mitch Johnson*, of San Saba, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

Appellant was convicted of the offense of possessing whisky for the purpose of sale in a dry area, and his punishment was assessed at confinement in the county jail for a period of thirty days.

The evidence shows that San Saba County is a dry area; that on the 7th day of March, 1943, officers, armed with a search warrant, went to the home of the appellant, which consisted of a one-room tent, and searched the same for intoxicating liquor. As a result of the search they found two half cases of beer and three pints of whisky; that at the time of the search the appellant, a woman and some children were present; that there were two beds in the tent; that Fred Sanderson lived there, slept and ate there. There is no evidence that appellant had sold or offered to sell any intoxicating liquor prior thereto.

Appellant did not testify but proved by one witness who lived near the tent in question that at the time of the search and prior thereto Fred Sanderson lived with appellant; that Sanderson had the reputation of being a bootlegger.

Appellant in due time presented two objections to the court's main charge. The first related to the court's failure to define the term "possession," and the second related to the failure of the court to instruct the jury on the law of circumstantial evidence. He requested a special charge on each of the subjects, which the court declined to give. It is the appellant's contention that the trial court committed error in this respect, and we are of the opinion that his position is well founded. The record is silent as to who the woman present at the time and place of the search was—whether she was the wife of the appellant or of Sanderson or whether she lived there or was merely a visitor. The conclusion that appellant was in possession of the intoxicating liquor was deducible from the facts above stated. We think that the rule announced in the following cases is applicable here: Bickerstaff v. State, 139 S. W. (2d) 110; Puga v. State, 112 Tex. Cr. R. 431; Gonzales v. State, 156 S. W. (2d) 988.

While we are not passing upon the sufficiency of the evidence at this time, still, in view of another trial, we do not deem it improper to state that where a case rests upon circumstantial evidence, the circumstances proven must exclude every reasonable hypothesis except the guilt of the appellant in order

to sustain a conviction. See 18 Tex. Jur. p. 443, sec. 321, and cases cited under note 11, page 444.

For the error discussed, the judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.