MORRIS HUGGINS V. THE STATE.

No. 22735. Delivered February 2, 1944.

The opinion states the case.

*McIntosh & Duncan,* of Gilmer, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

This is an appeal from a conviction for possessing whiskey for the purpose of sale in Upshur County, a dry area, with punishment assessed at a fine of $200.00.

An Agent of the Texas Liquor Control Board saw appellant leave a liquor store in Gregg County, with a package in his hand, and saw him get in a car and drive away. He followed the car until it passed into Upshur County, when he stopped it. Harvey Clark was driving the car, and appellant was a passenger therein. A search of the car was made, but no whiskey was found therein. Appellant was asked, "What did you do with the whiskey?" and he said, "I didn't have any." The car had been stopped near an embankment by the side of the road. The agent testified further: "I looked down the embankment which was three and a half or four feet high, and there lay a bunch of whiskey just scattered on the ground." This whiskey, consisting of twelve-half-pint bottles, was recovered and offered in evidence. The agent asked Clark, in appellant's presence, "who the whiskey belonged to and he said to Morris Huggins" (appellant). To this statement appellant made no reply, nor did he deny same. The twelve half-pint bottles of whiskey, when found, were in a paper sack. The agent testified that, as he drove around the car, after it had stopped, he saw appellant with this paper sack in his hand.

The appellant did not testify as a witness in the case.

It is insisted that, under the facts stated, appellant was entitled to have the jury instructed upon the law of circumstantial evidence. The testimony showing appellant in possession of the sack containing the whiskey, together with Clark's res gestae statement that the whiskey so found belonged to appellant, made the State's case one of direct evidence rather than that of circumstantial.

Appellant complains because the trial court, notwithstanding appellant's request, refused to charge the jury to the effect that, before a conviction would be authorized, the jury had to

find and believe, from the evidence, not only that appellant owned the whiskey but that it was in his exclusive control and management. Such is not the law. In cases of this character, the possession contemplated is the care, control, and management of the property at the time. Ownership is unnecessary to constitute such possession; nor is the possession required to be exclusive.

The judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.