J. R. MURRY v. THE STATE.

No. 23041. Delivered January 3, 1945.

22

The opinion states the case.

*Scarborough, Yates & Scarborough,* of Abilene, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

The information contained two counts. The first charged the

unlawful possession of whisky for the purpose of sale in a dry area. The second charged the unlawful transportation of whisky in a dry area. In each count there was also alleged, for the purpose of enhancing the punishment under Art. 61, P. C., a prior conviction for unlawfully transporting whisky in a dry area.

Both counts were submitted to the jury, which returned a general verdict finding appellant guilty, as charged, and assessing his punishment at a fine of $300.00. In entering judgment upon the verdict, the trial court applied the conviction to the first—or possession—count.

The case is before us for determination in the light of the judgment entered.

About eight o'clock the night of September 30, 1944, agents of the Liquor Control Board stationed themselves across the street from, and watched, the filling station of Bute Steen in Abilene. They saw appellant drive into the station and deliver to an employee two pint bottles and drive away. Appellant was gone about fifteen minutes when he returned and delivered another pint bottle to the employee and drove away. A short time later, appellant again drove into the station and, as he did so, the agents appeared. As to what then happened, one of the agents testified:

"I told him we wanted to search the car and he said all right. * * * I think I asked him what he had on him and he says, 'I got two pints of whisky, for my own personal use.' * * * He had the whisky sticking in his belt * * *. I could see it. I could see that he had two pints of whisky on him, even if he had not told me he had it. I could see it. It was visible."

Upon searching the automobile, the agents found in the glove compartment thereof a pint of whisky. The undisputed testimony showed that the automobile mentioned did not belong to the appellant. It belonged to a Miss Isham, who was in the filling station at the time and who testified that she drove the car to the filling station that night to see Bute Steen and that while there, she granted appellant, at his request, the use of the automobile to drive to a drug store. Miss Isham further testified that the pint bottle of whisky found in the glove compartment of the car belonged to her, having been so placed therein by her before she drove to the filling station, and that appellant did not know the whisky was in the car when she let him have it.

The appellant did not testify.

It was the State's contention, and the case was submitted to the jury upon the theory, that appellant possessed more than a quart of whisky which, under the prima facie evidence rule (Sec. Two, Art. 666-23a P. C.), was sufficient to authorize the jury to conclude the whisky was possessed for the purpose of sale.

It will be noted that the statute mentioned applies only when "more than one quart" of liquor is possessed. The possession, then, of only a quart of whisky does not authorize the application of the prima facie evidence rule. "More than" a quart of intoxicating liquor must be possessed, for the prima facie evidence rule to apply. The two pints of whisky found upon appellant's person amounting to only a quart, it was necessary that appellant also be in possession of the one pint of whisky found in the glove compartment of the car in order to be guilty under the prima facie evidence rule. Whether or not appellant was in possession of the one pint in the glove compartment was a disputed issue under the facts.

The term "possession," as used and contemplated in cases of this character, means the actual care, control, and management of the property at the time.

Huggins v. State, 146 Tex. Cr. R. 606, 177 S. W. (2d) 269; Gonzales v. State, 143 Tex. Cr. R. 48, 156 S. W. (2d) 988; Seale v. State, 118 Tex. Cr. R. 324, 39 S. W. (2d) 58; Thomas v. State, 98 Tex. Cr. R. 609, 232 S. W. 826. In submitting this case to the jury, the trial court gave no definition of that term. Appellant reserved an exception to the charge for failing to define that term, and here urges such action as error.

Appellant's possession of the one pint of whisky found in the car depended upon his possession of and control over the car, with the other facts in evidence. There was no direct testimony that he knew the whisky was in the car. He did not own the car. In the light of these facts, the conclusion is reached that the appellant was entitled to have the term "possession" defined to the jury, in order that the jury might have had a guide by which to determine the disputed issue of fact mentioned. Wells v. State, 125 Tex. Cr. R. 201, 67 S. W. (2d) 305.

Appellant complains of the receipt in evidence: (a) of the

testimony of the finding of the two pints of whisky on his person; (b) the search of the automobile, and (c) the finding of the one pint of whisky. It is insisted that no authority was shown to exist authorizing the respective searches.

As to the finding of the two pints of whisky on appellant's person, no search was necessary or made, for the undisputed evidence shows that the two pints were visible to the officers. As to the search of the car, two reasons exist why the trial court did not err in overruling appellant's objection. The first is: The undisputed evidence shows that appellant consented to the search of the car. He was, therefore, in no position to complain of the search. Epple v. State, 112 Tex. Cr. R. 612, 18 S. W. (2d) 625; Williams v. State, 122 Tex. Cr. R. 267, 54 S. W. (2d) 117. Second: The undisputed evidence shows that the car belonged to another person and appellant claimed no right of ownership over the same. He was, therefore, not in position to object to a search of the car. Whittington v. State, 118 Tex. Cr. R. 362, 38 S. W. (2d) 814 Giles v. State, 119 Tex. Cr. R. 225, 45 S. W. (2d) 591.

Appellant insists that the evidence is insufficient to support the conviction.

In view of the fact that the case is being reversed upon another ground, we pretermit a determination of this question at this time, contenting ourselves to suggest if there be additional testimony available to show that appellant was in possession of the pint of whisky in the car that it be supplied.

The State takes the position before this Court that the facts are sufficient to support the conviction and no necessity existed for a definition of the term "possession," because the State's case does not depend upon an application of the prima facie evidence rule or the possession by appellant of the one pint of whisky found in the car. In support of this contention, the State calls attention to the testimony showing appellant's two trips to the filling station prior to his arrest, and a delivery of pint bottles to the employee of the filling station on each occasion. This, it is insisted, was sufficient to authorize the jury to conclude that appellant was then engaged in selling whisky and that, therefore, his possession of the two pints found on his person was also for that purpose. Of course if, on these prior trips to the filling station, appellant was engaged in selling or making sales of whisky, the State's contention would be correct. But the facts do not warrant such a conclusion, because no one testified to the contents of the pint bottles as being whisky, or that

the delivery was made under circumstances as would constitute a sale. To conclude to the contrary would be to utilize a presumption upon a presumption, that is: First, that the bottles contained whisky, and then, that the appellant was making sales thereof. As suspicious as appellant's conduct was in this connection, it does not warrant the conclusion that he was selling whisky at such time.

For the error pointed out, the judgment of the trial court is reversed and the cause is remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.