ALBERT NORRIS V. THE STATE.

No. 23936. Delivered February 25, 1948.

G. C. *Harris*, of Greenville, for appellant.

*Ernest S. Goens*, State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is possession of whiskey for the purpose of sale in a dry area. The punishment assessed is a fine of One Thousand Dollars.

The record reflects that on the 28th day of November, 1946, F. M. Clarkson, a liquor control agent, accompanied by a deputy constable of Hunt County, went to appellant's drug store located at Celeste with the purpose of searching the same. Upon their arrival at appellant's place of business, they found appellant absent and there is not any evidence to show how long he had been absent. It appears from the record that a Mr. Felty was in charge of the store, who, upon request, permitted them to search the drug store. The search revealed one four-fifths quart full of "PM" whiskey, two empty four-fifths quart bottles which had contained "PM" whiskey, six pint bottles, and five eight-ounce bottles which the officers claimed had also contained whiskey; that some of the empty bottles had a few drops of whiskey in them but the total quantity of whiskey in the so called empty bottles would not exceed a tablespoonful.

The record further shows that the bottle containing the four-fifths quart of whiskey and the two empty bottles of the same size bore serial numbers and these serial numbers ran consecutively.

Obviously, the proof shows that the officers found less than a quart of liquor on appellant's premises. Consequently, the prima facie evidence rule was not applicable and would not obviate the necessity on the part of the State to show that he had the liquor for the purpose of sale.

Appellant brings forward twenty-five bills of exception, each of which he contends reflects a reversible error. We do not deem it necessary to discuss each of these bills since many appear to be without merit, but will confine our discussion to such bills as, in our opinion, show reversible error.

Appellant complains because the court failed to instruct the jury relative to the law of circumstantial evidence and declined to give a specially requested charge on the subject. As we view the record, the State's case was one of circumstantial rather than direct evidence and the court should have responded to the appellant's objection and should have given his requested charge on the subject, or incorporated one of like import in his main charge.

His next complaint relates to the court's charge wherein the court instructed the jury that "the possession of more than one quart of whiskey in a dry area is prima facie evidence that such whiskey is possessed for the purpose of sale" and further instructed the jury as follows: "By the term 'prima facie' evidence, as that term is used herein is meant proof of the case upon which the jury may find a verdict. Such evidence is not conclusive but may be rebutted by evidence to the contrary and such evidence is to be weighed and considered by the jury with the other evidence introduced." In view of the fact that the officers found less than a quart of whiskey, the prima facie evidence rule was not applicable to the case. It is our opinion that the court fell into error in instructing the jury on the prima facie rule of evidence. In support of our conclusion, we refer to the cases of Williams v. State, 126 S. W. (2d) 976; Thursby v. State, 158 S. W. (2d) 539; Murray v. State, 184 S. W. (2d) 476; and Albin v. State, 185 S. W. (2d) 447.

We also believe that the court erred in declining to submit to the jury appellant's specially requested charge which reads as follows: "Gentlemen of the jury: You are instructed that by the term 'possession,' as used in the court's main charge, is meant the care, control, and management of the whiskey at the time and on the occasion in question." In support of the opinion here expressed, we refer to the following authorities: Huggins v. State, 146 Tex. Cr. R. 606 (177 S. W. (2d) 269); and Griffin v. State, 184 S. W. (2d) 475.

Appellant also contends that the evidence is wholly insufficient to justify and sustain his conviction and, therefore, the court erred in declining to peremptorily instruct the jury to return a verdict of not guilty. While we do not deem it necessary to pass on the question of the sufficiency of the evidence at this time, still, in view of another trial, we do not deem it improper to state that where a case rests upon circumstantial evidence, the circumstances proven must exclude every other reasonable hypothesis except the guilt of appellant in order to sustain a conviction. See 18 Tex. Jur., p. 443, sec. 321.

For the errors herein pointed out, the judgment of the trial court is reversed and the cause remanded.

Opinion approved by the Court.