S. P. WILSON v. THE STATE.

No. 24277. Delivered February 23, 1949.
Rehearing Denied April 20, 1949.

*W. E. Martin,* Abilene, for appellant.

*Ernest S. Goens,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

Separate search warrants were simultaneously issued, authorizing, respectively the search of appellant's residence situated at 3400 Pine Street and his place of business situated at 1426 Pine Street, in the city of Abilene. The search warrants were executed on the same day and about the same time. At each place, beer and whisky were found, sufficient to establish a prima facie evidence of guilt for possessing whisky for the purpose of sale.

As a result of said search, two cases were on the same day filed against appellant, the complaint and information in each case charging appellant with the possession of beer and whisky in Taylor County, a dry area, for the purpose of sale—one charging the possession of the whisky and beer at his residence and the other charging possession at his place of business.

The case charging possession at the residence was first called for trial. Thereupon, appellant entered his plea of guilty thereto and was by court assessed a fine of $200. Appellant accepted the judgment as final and made no exception thereto or appeal therefrom.

The second case was then called for trial, and appellant interposed a plea of former conviction, alleging that he had been convicted of an offense growing out of the same transaction as that charged against him. Said plea was supported by the facts heretofore set out and in addition thereto, it was shown that the whisky and beer found at each of the places were transported into Taylor County by him at the same time, and was, by him, stored at the two places mentioned, for the purpose of sale.

The plea was overruled and appellant was, upon his plea of not guilty before the court, convicted and his punishment assessed at a fine of $100. It is from this conviction the appeal is presented.

The sole question before us is the correctness of the trial court's action in overruling the plea of former conviction.

A plea of former conviction, unlike that of former acquittal, requires only that the transaction or facts constituting it be the same. It is the identity of transaction that is the criterion, so if the offense charged in the first case was the same transaction as that charged in the second case, then appellant's plea was well taken; otherwise, not. 12 Tex. Jur., Criminal Law, Sec. 239.

It will be noted that in each of the informations there was a specific allegation as to the location or place where the possession of the whisky and beer occurred or was exercised. These locations were separate and distinct, one from the other.

The term "possess" or "possession," as used in prosecutions for possessing whisky for the purpose of sale in a dry area, means the care, control, and custody thereof. Huggins v. State, 146 Tex. Cr. R. 606, 177 S. W. (2d) 269.

The possession of whisky and beer at one location was separate and distinct from possession at the other. Proof of the possession of the whisky and beer at one of the locations described in the information would not have authorized a conviction under the allegations of the other information, because there would have been a variance between the allegations of the information and the proof.

It is apparent, therefore, that the two informations charged separate and distinct offenses and were separate and distinct transactions.

We are unable to agree with the appellant that the fact that he transported, at one time and as one transaction, all the whisky and beer found as a result of the searches could have changed the situation. Appellant was not charged with nor convicted of the unlawful transportation of the whisky and beer. It was the province of the state to rely upon and prosecute for the offense of unlawfully possessing the beer and whisky.

The conclusion is reached that the trial court was warranted in overruling the plea of former conviction.

The judgment is affirmed.

Opinion approved by the Court.

ON MOTION FOR REHEARING.

KRUEGER, Judge.

In his motion for a rehearing, appellant makes the same contention as he did on original submission of this case.

We have again reviewed the question in the light of his motion but see no reason for receding from the conclusion arrived at by us as expressed in our original opinion.

The motion for rehearing is overruled.

Opinion approved by the Court.