EARNEST THOMPSON V. STATE

No. 25608. January 9, 1952.

Hon. Henry S. Bishop, Judge Presiding.

*Reynold M. Gardner,* Amarillo, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

Appellant was in the employ of Rex D. Kee, doing business as the Rex D. Kee Grain Company, as a truck driver. In the course of his employment, he delivered to the Morrison Milling Company at Denton, Texas, a truck load of grain and received therefor the check of said milling company for the sum of $1,505.91, payable to the order of appellant's employer. Instead of delivering the check to his employer, appellant paid a boy, who is not otherwise identified in the record, a dollar to endorse the name of Rex D. Kee on the back of the check, and endorsed the check himself. Appellant then passed the forged check to White for an automobile.

Appellant stands here convicted of forging the endorsement of Rex D. Kee on the back of the check, with punishment assessed at two years in the penitentiary.

Appellant had been, prior to the trial of this case, tried for the theft of the automobile from White by using the forged check here shown as the false pretext to obtain possession of

the automobile. Appellant was found guilty of that offense and his punishment fixed at five years in the penitentiary, but the jury suspended sentence thereon.

Upon the trial of this case appellant set up all the foregoing in a plea of former conviction, which he sustained by the evidence. The trial court sustained the state's exception to the plea and refused to submit same to the jury.

This action of the court presents the sole question for review by this court, which is: Does a prior conviction of theft by false pretext by the use of a forged check bar a subsequent prosecution for the forgery of that check?

While ordinarily a suspended sentence is not a final conviction, such is, nevertheless, sufficient conviction to support a plea of former conviction. In Coon v. State, 97 Tex. Cr. R. 645, 263 S. W. 914, we held that a conviction for transporting whisky, with sentence suspended, would bar a subsequent conviction for possessing the same whisky for the purpose of sale.

It is apparent, therefore, that appellant, in so far as his plea of former conviction is concerned, occupies the position of having been convicted of the theft of the automobile by the false pretext of a forged check. It must be remembered, in that connection, that there exists quite a distinction between a plea of former conviction and a plea of former acquittal. In the former, only identity of transaction is required—that is, that the transaction and facts constituting the offense charged in the first case be the same as charged in the second case; this is not true of the latter plea. Wilson v. State, 153 Tex. Cr. R. 270, 219 S. W. 2d 86; 12 Tex. Jur., Sec. 239, Criminal Law.

The undisputed evidence shows that the same forged check was the basis of both prosecutions. In the theft case the evidence shows that appellant tendered the check to White in payment for an automobile, representing to White that he had received same from the Rex D. Kee Grain Company in payment for a load of grain which he had delivered to the grain company. The only defect in the check was the forgery of the name of Rex D. Kee thereon; otherwise it was perfectly good and would have been paid.

The witness White testified upon the trial of the theft case that he gave "the same testimony as I am giving in this present

584

case," and that "the fraudulent transaction in that case (theft case) was my taking of the check with forged indorsement, which check was and is the very same check as introduced in this present case . . . ." The district attorney, who represented the state in each prosecution, testified that the theft case was based upon testimony substantially the same as that shown in the instant case.

There is no escape from the conclusion, therefore, that the theft conviction was obtained solely by reason of the forged endorsement on the check which formed the false pretext.

This court early recognized the rule to be that the offense of forgery and swindling may be committed in the same transaction. Hirshfield v. State, 11 Tex. App. 207; Scott v. State, 40 Tex. Cr. R. 105, 48 S. W. 523. Theft by false pretext and swindling are offenses so closely related that the legislature has expressly provided that where the facts show both swindling and theft by false pretext the state may prosecute for either of said offenses. Art. 1549, Vernon's P. C., as amended in 1943. In the Hirshfield case, supra, the holding is that a conviction for swindling based upon the act of passing a forged instrument would bar a prosecution for passing the forged instrument. Such being true, it would follow that a conviction for passing a forged instrument would bar a prosecution for swindling by the passage of that instrument. It must be remembered also that a conviction for forgery bars a prosecution for passing the same forged instrument. Art. 1005, P. C.

In the Coon case, supra, this court calls attention to situations that could arise which demonstrate the necessity of the conclusion there expressed that a suspended sentence constitutes a conviction in so far as a plea of former conviction is concerned. This record suggests that the situation there referred to has here occurred, because the indictment for forgery in the instant case was not returned until the jury had awarded appellant a suspended sentence in the theft case. Therefore, the conviction in this case would authorize the revocation of the suspended sentence, thereby inflicting double punishment upon the appellant for the same criminal offense or transaction, in violation of Art. 1, Sec. 14, of the Bill of Rights of this state.

The plea of former conviction should have been sustained.

For failure to do so, the judgment is reversed and the cause remanded.

Opinion approved by the court.