## ESTEVAN CUELLAR V. STATE

No. 31,962. May 25, 1960
Appellant's Motion for Rehearing Overruled June 22, 1960

*J. P. Moseley,* Dallas 2, for appellant.

*Henry Wade,* Criminal District Attorney, *R. E. Lyle, Dan Stansbury, Phil Burleson,* Assistants District Attorney, Dallas, and *Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

The conviction is for the unlawful possession of marijuana; the punishment, 10 years.

The state's testimony shows that on June 22, 1959, certain narcotic officers began the surveillance of an area near the north end of a city lake in the city of Dallas. In their surveillance, the officers watched the area through a 30 power telescope from a location a half mile away. On June 26th appellant was seen around 5 P.M. to come to the area, bend over near a fence and then leave. That night, the officers went to the location where they had seen appellant and found a hole in the ground some four inches deep which was covered with grass. A small plastic vial which was empty was found by the officers. Thereafter, on the night of June 27 the officers removed the vial

from the hole and discovered that it contained eight marijuana cigarettes. They proceeded to remove one of the cigarettes and then place the vial with the other seven cigarettes back in the hole. On June 28th appellant was seen again by the officers to come to the location and remove the vial from the hole, take out one of the cigarettes and then place the vial back in the hole. Thereupon, the officers proceeded to where appellant was standing, and as they approached, appellant threw the cigarette which he had in his hand over the fence. The cigarette was retrieved by the officers and also the vial in the hole which contained six cigarettes. An examination of the cigarettes by Dr. Morton F. Mason, Director of the Dallas City-County Criminal Investigation Laboratory, showed that each cigarette contained marijuana.

Appellant did not testify but called as a witness Gilbert Hernandez Aguillar, who testified that the area where the marijuana cigarettes were found was in a city park and was frequented by fishermen at the lake and by persons who would go there and wash their cars.

We find the evidence sufficient to support the conviction.

Appellant predicates his appeal upon six formal bills of exception.

Bills No. 1, 2 and 3 present appellant's objections to the court's charge. By bills Nos. 1 and 2 appellant complains of the court's definition of the term "possess" as given in the charge and to the court's refusal to define the term as requested by appellant. The court defined the term in his charge with the following instruction to the jury: "You are instructed that the term 'possess', as used in this charge, is meant actual control, care and management." This was a sufficient definition of the term as the term is used in the Narcotic Drug Act, Art. 725b, V.A.P.C. De Vine v. State, 151 Tex. Cr. R. 179, 206 S.W. 2d 247, reversed on other grounds. See also Huggins v. State, 146 Tex. Cr. R. 606, 177 S.W. 2d 269; Wilson v. State, 153 Tex. Cr. R. 270, 219 S.W. 2d 86 and Alston v. State, 154 Tex. Cr. R. 148. 226 S.W. 2d 443 where the term as used in the Texas Liquor Control Act has been similarly defined. We find no error in appellant's bill of exception No. 2 which complains of the court's refusal to charge the jury on the law of circumstantial evidence. The testimony of the state's witnesses which showed that appellant actually had in his hand the one cigarette which

was thrown over the fence and also the plastic vial containing the other six cigarettes constituted direct evidence that he possessed the marijuana cigarettes and a charge on circumstantial evidence was therefore not required.

Bills of exception Nos. 4, 5 and 6 present appellant's complaint to certain closing argument of state's counsel. By bills Nos. 4 and 5 appellant complains of that portion of the argument wherein counsel stated to the jury in substance that it was not necessary that the state bring the telescope into the court and that appellant had the right to ask that it be brought in. It was certified in each bill of exception that prior to the making of such argument, appellant's counsel, in his argument to the jury, had severely criticized the state for not bringing the telescope into court and introducting the same in evidence. It is further certified that state's counsel withdrew the statement that it was not necessary that the state bring the telescope ino court. We find no error in the argument complained of. The bills clearly show that the argument was invited by that of appellant's counsel. State's counsel was clearly within his rights in telling the jury that appellant could have asked that the telescope be brought into court. Musser v. State, 167 Tex. Cr. R. 529, 321 S.W. 2d 882.

By Bill of Exception No. 6 appellant complains of the following argument of state's counsel:

"I don't think there is anything in this record and I don't think that you have heard anything that indicates that any of us representing you, including the police officers of this city, have tried to railroad this Defendant into the penitentiary. * * * They (referring to the officers) had good reason to believe that possession of marijuana existed in the hands of this Defendant. They pursued it further and did a job for you * * * ."

Appellant's objection was by the court sustained and the jury instructed not to consider the argument. No request was made by appellant for a mistrial. We find no reversible error in the bill. Brannon v. State, 164 Tex. Cr. R. 83, 296 S.W. 2d 760.

The judgment is affirmed.

Opinion approved by the Court.