**Pete Flores MASSIATE, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 35474.

Court of Criminal Appeals of Texas.

March 20, 1963.

Irving L. Bates, San Antonio, for appellant.

James E. Barlow, Dist. Atty., James Ernest Hope, Asst. Dist. Atty., San Antonio, and Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Presiding Justice.

The offense is the unlawful possession of marihuana; the punishment, enhanced by two prior convictions for burglary, life.

The prior convictions were proved and stipulated.

The facts are undisputed.

Officers Westbrook, Creed and Dotson had under surveillance some marihuana plants that were growing alongside the creek in a brushy area of the Coliseum tract said to be owned by Bexar County.

On May 10, 1962, the officers observed the appellant and one Manuel Guajardo come

from the road and pick up a 5 gallon tar bucket which they filled with water from the creek and proceeded to water the plants.

There were 19 plants in one group and 10 in another. They occupied two small cultivated areas and were some 9 or 10 inches in height. The plant groups were some 18 to 20 feet apart.

After they watered the plants, the appellant and Guajardo were taken into custody.

Appellant's confession was introduced in evidence without objection. In it he stated that he and Guajardo went to the location for the purpose of watering some marihuana plants that they had planted two months before, and that they went into the brush because they saw Detective Creed coming down the hill, and while they were hiding in the brush he came up and arrested them.

The plants were pulled up by the officers and were examined and analyzed by George Taft, chemist for the Department of Public Safety, and found to be marihuana.

Appellant's first contention is that the court erred in refusing his requested definition of "Possession".

■ No exception to the court's ruling is shown in the record, and the question is not before us for review. See Medlock v. State, Tex.Cr.App., 356 S.W.2d 312, and cases cited.

■ We observe, however, that the court adequately defined "possess" in his charge as meaning the care, management and control of the narcotics. Cuellar v. State, 169 Tex.Cr.R. 604, 336 S.W.2d 159.

■ The second contention is that appellant never came into possession of a narcotic drug because the marihuana plants were not severed from the soil until the officers pulled them up; because there was not a sufficient amount of marihuana in the plants to be applied to the use commonly made of such, and there was no narcotic

drug contained in the plants pulled up by the officers.

The appellant's expert witness Frederick W. Bieberdorf, Senior Research Biologist at Southwest Research Institute, identified the plants offered in evidence as Cannabis Sativa or Marihuana plants. He testified, however, that the narcotic in such plants is produced only in the flowering heads of the pistillate or female plant, and the plants in evidence not having reached the flowering stage, there was no more than a microscopic bit of narcotic, if any, in the marihuana plants.

■ Whether the marihuana plants were narcotic drugs, possession of which is unlawful, does not rest upon the biologist or chemist's definition or classification, but upon the statute under which this prosecution was had.

Art. 725b, Vernon's Ann.P.C. makes it unlawful for any person to possess or have under his control any narcotic drug (Sec. 2(a). "Narcotic drugs" means, among other things, Cannabis (Sec. 1(14).

The term "Cannabis" as used in the statute " * * * shall include all parts of the plant Cannabis Sativa L., whether growing or not * * *. The term 'Cannabis' shall include those varieties of Cannabis known as Marihuana, Hashish and Hasheesh." (Sec. 1(13).

Construing these provisions of Art. 725b, V.A.P.C., we affirmed conviction for the possession of growing marihuana in Sparks v. State, 161 Tex.Cr.R. 100, 275 S.W.2d 494. See also Ramirez v. State, 135 Tex. Cr.R. 442, 125 S.W.2d 597, where the same result was reached in a conviction under a prior statute.

In Getters v. State, Tex.Cr.App., 340 S.W.2d 806, we held that no proof was required that the marihuana seed were viable.

The statutes and the authorities cited support the state's position that the evidence is sufficient to sustain the jury's finding that appellant unlawfully possessed marihuana, a narcotic drug.

**804**

We see no merit in appellant's remaining contention under which he would distinguish this case from the Sparks and Ramirez cases by the fact that the marihuana plants found to be possessed by the appellant were growing upon property belonging to Bexar County, the appellant being a naked trespasser. In Ramirez v. State the marihuana was growing on the premises of the defendant. In Sparks v. State the marihuana plants, around which Sparks was digging, were growing on Mrs. McKay's land. We see no reason to apply a different rule because the County was the owner of the land rather than an individual.

The judgment is affirmed.