Bobby Jerl **GARZA**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 43781.

Court of Criminal Appeals of Texas.

May 26, 1971.

Rehearing Denied July 7, 1971.

OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for possession of heroin with the punishment being assessed by the jury at 10 years.

The State's evidence reflects that in the afternoon of May 2, 1969, Officer Michael Chavez of the Houston Police Department, Narcotic Division, received information from an informant in the 5000 block of Polk Avenue. Thereafter he and his partner, Officer Bell, went immediately to the 5300 block of Polk where they observed a car fitting the description Chavez had been given. They saw the appellant Garza get out of the car and enter a nearby grocery store. When he returned to the car he deposited several articles in the car and started to a phone booth nearby. At this point the officers approached and identified themselves and the appellant dropped a prophylactic. It was picked up by the officers and found to contain a powder which was later shown to be heroin. After having been given the "Miranda" warnings, the appellant told the officers he lived at "1315 Hughes, Apartment No. 2" and upon further inquiry stated he had more heroin at the apartment. Officer Garcia then joined the other officers and with the appellant went to the apartment in question. Appellant admitted them by use of his key, and there seated at a table in the kitchen of the apartment were "two Latin American males and a white female." In the apartment there were discovered other quantities of heroin.

Taking the stand the appellant acknowledged his confrontation with the officers on the date in question. He denied dropping anything in the officers' presence, living at the apartment on Hughes Street or admitting the officers with a key. He claimed he lived elsewhere, had met an individual that day in San Antonio and returned with him to Houston; that he had been in the apartment only a short time before he left to get some groceries. He de-

C. C. Divine, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Rick Stover, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., Austin, for the State.

nied knowledge of any heroin being in the apartment.

In his first ground of error appellant contends the "Trial Court erred in instructing the Jury in the disjunctive," contending the use of the word "or" in lieu of the conjunctive word "and" deprived him of equal protection of the law.

The court instructed the jury in part as follows:

"Our law provides that it shall be unlawful for any person to possess or have under his control any narcotic drug. Our law further provides that heroin is a narcotic drug.

"By the term 'possession', as used herein, is meant the care, custody, *or* control *or* management of the item in question.

"Now if you find from the evidence beyond a reasonable doubt that the defendant, Bobby Jerl Garza, did, in Harris County, Texas, on or about the 2nd day of May, A.D. 1969, unlawfully possess *or* have under his control a narcotic drug, to-wit, heroin, as alleged in the indictment, then you will find the defendant guilty as charged and so say by your verdict." (emphasis supplied)

■ The only objection to this charge was to the court's definition of the term "possession."[1] Therefore, in light of the provisions of Article 36.14, Vernon's Ann. C.C.P., this is the only question presented for review. Seefurth v. State, Tex.Cr. App., 422 S.W.2d 931. The balance of appellant's ground of error is not before us. As to any claimed error in such balance see Article 725b, Sec. 2a, Vernon's Ann. P.C., and Article 36.19, V.A.C.C.P. Cf. Doby v. State, Tex.Cr.App., 383 S.W.2d 418, cert. den. 380 U.S. 920, 85 S.Ct. 914, 13 L.Ed.2d 804.

This Court has said on several occasions that the term "possess" or "possession" is adequately defined in the court's charge when it is described as meaning the actual care, management and control of the narcotics. Massiate v. State, Tex.Cr.App., 365 S.W.2d 802, 803; Slaton v. State, Tex.Cr. App., 418 S.W.2d 508, 511; Cuellar v. State, 169 Tex.Cr.R. 604, 336 S.W.2d 159; De Vine v. State, 151 Tex.Cr.R. 179, 206 S.W.2d 247 (reversed on other grounds).[2]

1. The written objection is as follows:

"DEFENDANT'S OBJECTIONS AND EXCEPTIONS TO THE CHARGE OF THE COURT

"Comes now the defendant before the case is submitted to the jury and upon inspecting the charge of the Court and objects and excepts to the said charge for the reason that on page one in the definition of the term 'possession' the Court charges it means the care, custody *or* control *or* management of the items in question, for the reason said charge instructs the jury in the disjunctive and permits them to believe in either event and requests the Court to charge the jury in the conjunctive by the use of the word *and* for the reason that possession is defined as complete care, custody *and* control *and* management.

"Counsel for the Defendant

"~~Granted~~:

"Refused: /s/Wendell A. Odom

"To which the defendant excepts."

It is noted that the written objection was unsigned.

2. This line of cases is seemingly based upon the definition of "possession" as used in liquor cases. Schenk v. State, 106 Tex.Cr.R. 564, 293 S.W. 1101, held that "possession" within the liquor law is the exercise of care, control and management of liquor. In Davis v. State, 102 Tex.Cr.R. 546, 278 S.W. 848, 849, a conviction for possessing equipment for the manufacture of intoxicating liquor, the trial court told the jury "that 'possess' under this statute means the actual personal control, care, and management of the property, either alone or jointly with others, and that it is not necessary that the person charged be the owner." The charge was held proper.

In Wilson v. State, 153 Tex.Cr.R. 270, 219 S.W.2d 86, citing Huggins v. State, 146 Tex.Cr.R. 606, 177 S.W.2d 269, it was held that the term "possess" or "possession" as used in prosecutions for possessing whiskey for the purpose of sale

The appellant contends the double insertion of the word "or" by the court in the definition of "possession" instead of the word "and" placed a less onerous burden on the State than required by law.

The State takes the position that the definition used is the same as the definition used in the recommended jury charge in Willson's Texas Criminal Forms, Sec. 3540, 7th Ed.

Such publication in said Section 3540 in its recommended charge states: "By the term 'possession' as used in this charge is meant the care, custody, control, or management of the item in question."

In Section 3541 thereof, dealing with a recommended charge for the offense of possession of narcotic paraphernalia, we find the following: "By the term 'possession' as used herein, is meant the care, custody or control of the item in question." Neither of these is exactly like the charge given.

In McClung, "Jury Charges for Texas Criminal Practice," Revised Edition, 1967, p. 127, we find the following recommended definition: "By the term 'possession' as used herein, is meant the care, custody, or control or management of the item in question."

This is exactly the definition given by the trial court in the instant case. We do observe that this same publication on page 212 recommends the following charge presenting a defensive issue:

"You are instructed that by the term 'possession,' as used herein, is meant the actual care, control, and management of the property at the time in question. * * * *"

■ We do not, therefore, find that there has been any absolute consistency in the decisional law (See footnote #2) or in the form books in defining "possession." While it may well be argued that the charge given in the Massiate, Cuellar and Slaton cases is preferable, we do not, under the circumstances here presented, conclude that the charge given in the instance was erroneous. See Article 36.19, V.A.C. C.P.

Appellant's reliance upon Pafford v. State, 146 Tex.Cr.R. 614, 177 S.W.2d 270; English v. State, Tex.Cr.App., 46 S.W.2d 697 and Andrews v. State, 106 Tex.Cr.R. 357, 292 S.W. 880, is misplaced. In each of those cases the error was the failure of the court to charge at all on possession where requested.

Ground of error #1 is overruled.

Next, appellant contends the court erred in failing to charge on the law of circumstantial evidence, contending that "it may have been the jury's wish to not convict on the basis of" the heroin supposedly dropped by the appellant but upon the her-

in a dry area means care, control and custody. In Alston v. State, 154 Tex. Cr.R. 148, 226 S.W.2d 443, possession was held to mean "care, control and management." See also Murry v. State, 148 Tex.Cr.R. 21, 184 S.W.2d 476.

And it is interesting to note that the same judge who wrote the Wilson and Huggins decisions said in Gonzales v. State, 143 Tex.Cr.R. 48, 156 S.W.2d 988:

"For appellant to be guilty of the offense charged (possession of whiskey in a dry area), he must have had the possession of the gallon of whiskey found by the officers; that is, he must have been exercising care, control, or management of the same. * * * *"

In Smith v. State, 161 Tex.Cr.R. 115, 275 S.W.2d 487, this Court said:

"The term 'possessed' or 'possession' as used in prosecution for possessing liquor for the purpose of sale in a dry area means the care, custody and control thereof, Wilson v. State, 153 Tex. Cr.R. 270, 219 S.W.2d 86, or, as stated in Huggins v. State, 146 Tex.Cr.R. 606, 177 S.W.2d 269, the 'care, control, and management' of the liquor."

oin found in the apartment where others were present.

First, we observe that no objection nor special requested charge in accordance with Articles 36.14 and 36.15, V.A.C.C.P., was made. For this reason alone nothing is presented for review. Bird v. State, Tex.Cr.App., 423 S.W.2d 919. Further, such a charge is not required where the evidence in the case is direct rather than circumstantial, Cuellar v. State, 169 Tex.Cr.R. 604, 336 S.W.2d 159; McClanahan v. State, Tex.Cr.App., 394 S.W.2d 499, nor where the accused has given an oral confession which is introduced as occurred in the case at bar. See Brown v. State, Tex.Cr.App., 437 S.W.2d 828, cert. den. 393 U.S. 1089, 89 S.Ct. 850, 21 L.Ed.2d 782. Still further, possession of any narcotic drug need not be exclusive. It may be jointly possessed by two or more persons. Perry v. State, 164 Tex.Cr.R. 122, 297 S.W.2d 187; Ochoa v. State, Tex.Cr.R., 444 S.W.2d 763 and cases there cited.

No error is presented by the second ground of error.

Lastly, appellant complains the court erred in admitting into evidence fruits of the search of the apartment. He contends the officers had no search warrant and the facts are not sufficient to show consent to search.

As earlier noted, the appellant, after having been given the "Miranda" warnings, told the officers he lived at the apartment and had more heroin there. Using a key he opened the apartment door and admitted the officers. The officers testified they had no prior knowledge as to the heroin in the apartment until the appellant told them and led them there. We conclude the evidence sufficient to reflect a properly admitted oral confession (See Article 38.22, V.A.C.C.P., and Lee v. State, Tex.Cr.App., 428 S.W.2d 328) and to also show consent.

The judgment is affirmed.

ODOM, J., not participating.